J. P. COMPTON v. I. R. HOLMES.

No.1028.    Decided June 20, 1901.

1. Revision of Statutes—Act of Codifier—Construction.

The act of the codifier preparing the Revised Statutes of 1895 for publication (Acts 1895, chapter 82, page 110) in printing the Act of 1895, chapter 46, page 58, regulating contested elections, as a part (chapter 7) of title 36 of the Revised Statutes adopted at the same session, could not enlarge the operation of that act as originally adopted by applying to it the language of the Revised Statutes contained in article 1810 of title 36, which extended the provisions of that title to all elections. (Pp. 579-581.)

2. Same—Contested Election—Municipal Offices.

The Act of 1895, chapter 46, page 58, being unaffected by article 1810, Revised Statutes, and to be construed as originally enacted, does not apply to or provide for contests over the election of officers of incorporated cities, towns, or villages. (Pp. 579, 580.)

QUESTIONS CERTIFIED from the ·Court of Civil Appeals for the First District, in an appeal from Harris County.

*Brockman & Kahn* and *J. V. Meek,* for appellant.—Article 1810, title 36, Revised Statutes, provides: "The provisions in this title shall apply to all elections, whether for offices or for other purposes, where not otherwise provided by law." We take it that if no other provision is provided by·law whereby one who is elected to a municipal office can contest against another holding a certificate to said office, then under this statute this law would govern and the party would have the right to file his contest as we did in this case; in other words, our contention is, that, if there had been only provision made for contesting the election of a district judge, and no provision made for contesting the election of any other officer, under article 1810 any county or district officer would have had the right to contest the election. It will.be admitted that there are no other provisions in our statutes for contesting a municipal election than the chapters and

title above cited. The honorable district judge who decided this case decided it upon the theory that the statutes did not apply to a municipal election. We can not reconcile his views with ours in view of article 1804t. This article clearly demonstrates to our mind that the Legislature intended that any election controversy could be settled by the simple remedy of contest as attempted in this case.

*E. P. Hamblen,* for appellee.—Under the Act of 1895 no provision was made for contesting the election of officers of cities, towns, or villages incorporated under the general laws of the State, but they were excluded from said act, and a contest for such office must be made either by a direct suit for the office or by quo warranto proceedings. Acts 1895, chap. 46, p. 58.

Article 1810 of the Revised Statutes, relied on by appellant, was passed in 1876, and referred to the laws of 1876; all of which had previously been repealed and were not in force, as was positively declared in the emergency clause of the act passed in 1895.

The act of the Legislature passed in 1895 comprehended the entire subject in the contest of elections generally, and thereby being complete within itself, repealed all former laws respecting the same subject matter. Hanrick v. Hanrick, 61 Texas, 601; State v. Travis County, 85 Texas, 445; Rogers v. Watrous, 8 Texas, 65; Bryan v. Sundberg, 5 Texas, 418; Cain v. State, 20 Texas, 370.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the First District, as follows:

"This is a statutory proceeding brought under title 36, chapter 7, of the Revised Statutes of 1895, to contest an election for mayor of the town of La Porte, held on the 2d day of April, 1901. The town of La Porte is a municipal corporation organized under the general laws of this State. All of the provisions of said statute relating to the manner in which such contest shall be commenced and conducted were strictly complied with. The appellee in the court below excepted to the jurisdiction of the court on the ground that the statute providing for the contest of elections does not apply to the election of officers in incorporated cities, towns, or villages. This exception was sustained and the proceedings dismissed, and the case is before us on appeal from said judgment of dismissal.

"Upon this statement of facts, we respectfully certify for your decision the following question:

"Does the act of the Legislature contained in title 36, chapter 7, of the Revised Statutes of 1895, providing for the contest of elections, apply to elections for officers of incorporated cities, towns, or villages?"

By article 1810, Revised Statutes, it is provided: "The provisions of this title shall apply to all elections, whether for officers or other purposes, where not otherwise provided by law." As chapter 7, referred to in the question, is, in the published volume containing the Revised Statutes, a part of the same title with the article quoted, the provisions

of such chapter concerning contested elections would appear to be made applicable to municipal elections. But when the Revised Statutes containing article 1810 were adopted by the Legislature, chapter 7 was not as it now appears in the volume, but was composed of provisions regulating only contests of elections for members of the Legislature. At the same session of the Legislature (1895) which adopted the Revised Statutes, the present law regulating contests of elections was passed, not in the form of an amendment of any provision of the Revised Statutes, but as an independent act. Article 1810, by the phrase, "the provisions of this title," does not refer to the provisions of the Act of 1895, because that act was not then, and was never afterwards made by any act of the Legislature, a part of the title referred to. The provisions of such act were properly included in the Revised Statutes by the codifier afterwards appointed (Acts 1895, page 110); but the inclusion of them by him as a part of the same title with article 1810 can not enlarge the operation of that article. The question certified must, therefore, be answered under the provisions of the Act of 1895.

It is to be observed that the act does not contain any provisions specifically including contests of elections for municipal offices, or so broad as to embrace contests for all offices. On the contrary, the provision seems to be for contests as to specified offices, not including municipal ones. The first, second, third, fourth, and fifth sections define the tribunals before which and the places at which contests of election for the offices of district attorney, district judge, chief justice and associate justice of the Supreme Court, the Court of Criminal Appeals, and the Court of Civil Appeals, county officers, and for other purposes than for offices, may be conducted. Sections 24 to 31, inclusive, regulate contests before the Legislature of elections for Governor, Lieutenant-Governor, Comptroller, Treasurer, Commissioner of the Land Office, and Attorney-General, and members of the Legislature.

Section 6 provides: "Any person intending to contest the election of anyone holding a certificate of election as a member of the Legislature or for *any office mentioned in this act*," shall give notice, etc.; and proceeds to prescribe rules to govern the contest. Among the offices named are no municipal ones, and such offices are nowhere referred to in the act except in section 32, which will be noticed further on.

Sections 12-16 provide, in substance, that "When the validity of an election for an office other than for members of the Legislature is contested," the contestee shall give bond, and upon his failure to do so, the contestant may give such bond and become entitled to the possession of the office pending the contest, and the Governor is required *to* issue commission to the one making bond. Sections 6 and 12 approach *nearer to* general provisions for contests of all offices than any in the act, but it appears that they have reference to State and county offices, for the reason that section 6 refers to offices "mentioned in this act," and sections 12-16, by their provisions with reference to commissions, show that only State and County offices are meant; for article 1809,

Revised Statutes, specifies the officers whom the Governor is to commission and excepts municipal officers.

The only reference in the whole statute to municipal officers is in section 32, as follows: "If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, any resident of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office." There is here no provision for contests for municipal offices, but they are simply mentioned as an exception to the rule prescribed, and the last words of the section refer to the preceding provisions as being made for contesting elections for county offices. It is clear to our minds that the Legislature has failed to include in this statute contests for municipal offices. The language can not be extended by construction so as to embrace them.

We answer the question in the negative.