## DAVIS v. HUBBARD et al. (No. 8141.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1921. Rehearing Denied Oct. 6, 1921.)

Elections ⟨⟩275—District court has no jurisdiction of contest of election of mayor in incorporated city.

The district court has no jurisdiction of a proceeding to contest an election for mayor of a municipal corporation, since Const. art. 5, § 8, giving the district court original jurisdiction of contested elections, is not self-executing, and since Rev. St. art. 3081, making the provisions of title 49, relating, among other things, to election contests, applicable "to all elections held in this state, except as otherwise herein provided," does not authorize such a proceeding, in view of failure to specify the forum in which such a contest is to be tried, as is done with reference to contested elections of other officers, under articles 3046–3063, 3077.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Proceeding by Henry Davis against O. L. Hubbard and others, to contest an election for mayor of the town of Independence Heights. From a judgment sustaining a plea to the court's jurisdiction, plaintiff appeals. Affirmed.

Green & Boyd, of Houston, for appellant. Ward & Ward, of Cleburne, for appellees.

GRAVES, J. This was a proceeding brought in the Fifty-Fifth district court of Harris county to contest an election for mayor of the town of Independence Heights, a municipal corporation organized and existing under the general laws of Texas, with an alternative prayer, in event the court should find it proper and necessary, that the complained of election be set aside, and another one held. As brought it was purely an action to contest an election for mayor of a town incorporated under our general law, notice of which contest was alleged to have been given, with addition of only the general alternative request stated. The amended petition was not sworn to, but averred that, while plaintiff had in fact received the larger number of votes, the election officers had wrongfully made the returns show a tie vote between himself and the contestee, and had declared the latter duly elected. The trial court sustained a plea to its jurisdiction on the ground that our statutes on the subject of contested elec-

tions do not provide for the contesting of elections of municipal officers of cities and towns incorporated under general laws. The plaintiff below appeals, assigning that action as error.

We agree with the trial court, and order the judgment affirmed. It is quite true that section 8 of article 5 of our Constitution provides that the district court shall have original jurisdiction of contested elections, but the Supreme Court, in Odell v. Wharton, 87 Tex. 173, 27 S. W. 123, held that provision not to be self-executing, because it prescribes no rules by which the jurisdiction may be enforced, and a contested election, not being a civil suit or cause, and so not triable by proceedings had in such cases, must be specially authorized by the Legislature.

Later, in the case of Compton v. Holmes, 94 Tex. 578, 63 S. W. 621, that court, in answering certified questions from this court, further held that, under Revised Statutes, art. 1810 (now 3081), the district court was without jurisdiction to try and determine contested elections for officers of incorporated cities, towns, and villages—the precise question here involved. The trial court in this instance followed that holding, and no reason for departing from it is perceived.

The contention of appellant that the change of the word "article," as this statute read at the time the Compton Case was decided, to "title," in its present form of, "The provisions of this title shall apply to all elections held in this state, except as otherwise herein provided," makes a decided difference, and that, had the law been of the same form then as now, the jurisdiction of the district court would have been upheld, is not regarded as sound. We do not think the statute in its present form should be given any different effect or greater meaning than it had in 1901, but that, interpreting it in the broadest permissible manner, it can still only refer to contests provided by statute; and, none covering such an office as this one appearing, no jurisdiction attaches in a case of this character. This conclusion, we think, is emphasized by this consideration:

Article 3081 refers to the entire legislative title relative to elections (title 49), and yet there is within it no tribunal designated for the trial of an election contest for municipal office, as is specially done with reference to every other office to which our attention has been directed; for instance, contests for district attorney are to be tried in the district court where the candidate holding the certificate of election resides; for district judge, in a district court of the county of an adjoining district whose county seat is nearest that of the home county of the candidate having the certificate of election; for

---

justice of the Supreme Court and the Court of Criminal Appeals, by a district court of Travis county; for justice of a Court of Civil Appeals, in the district court of the county where the court has its sittings; for any county office, in the district court of the county where the election is held; and so on. Indeed, the entire group of articles from Revised Statutes, 3046 to 3063, inclusive, as we read them, have reference only to the offices specifically mentioned, not including a municipal office of the character of the one here in question. Article 3077 likewise deals with other elections than those for the offices referred to in the articles just mentioned, and therefore cannot cover this one. Since, therefore, no forum for the trial of a contest affecting this sort of an election was named, the conclusion is not unwarranted that none was intended to be; if article 3081 were otherwise construed, and it were held that its general purpose was to subject municipal elections to the provisions of title 49, there would still be no way of telling which one of the various tribunals so provided for other classes of contests should or could be resorted to for the settlement of one of this character.

It may be that appellant would have had a remedy in an action of suit for the office, or in a proceeding by quo warranto, but that question is not before us. The judgment has been affirmed.

Affirmed.