**TOMLINSON v. WILLIAMSON.**  (No. 1359.)*

(Court of Civil Appeals of Texas. El Paso. June 8, 1922. Rehearing Denied June 28, 1922.)

1. Elections ⟸18—Provisions of city charter for voting by means of preferential ballot held not unconstitutional.

Provisions of city charter for voting by means of the preferential ballot *held* not to violate Const. art. 6, §§ 3, 4, prescribing qualifications of an elector, since they do not undertake to prescribe the qualifications of an elector.

2. Municipal corporations ⟸136—Validity of charter provisions as to preferential voting cannot be questioned; in election contest the proper remedy being quo warranto.

The validity of provisions of a city charter providing for voting by means of preferential ballots cannot be raised in an election contest;

the proper remedy being an information in the nature of quo warranto.

3. Elections ⟸275—District court without jurisdiction in election contest for offices of incorporated cities, towns, and villages.

The district court has no jurisdiction of an election contest for offices of incorporated cities, towns, and villages; the proper remedy being an information in the nature of quo warranto.

4. Elections ⟸269 — Unsuccessful candidate for mayor could not contest election on ground of irregularities in action in district court.

An unsuccessful candidate for mayor of an incorporated city could not contest election of successful candidate and secure a recount on the ground of irregularities in an action in the district court, the proper remedy being an information in the nature of quo warranto, or a suit for the office as distinguished from such contest.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by W. R. Tomlinson against J. M. Williamson. Judgment for plaintiff, and defendant appeals. Reversed, and judgment of dismissal rendered.

J. R. Stubblefield, of Eastland, and Brooks & Cearley and B. B. Greenwood, all of Cisco, for appellant.

McCrea & Coombes, Butts & Wright, and J. L. Stevenson, all of Cisco, for appellee.

Statement of Case.

HIGGINS, J. The nature of this suit, as stated in the appellant's brief, is as follows:

"This case was instituted by the appellant, W. R. Tomlinson, against the appellee, J. M. Williamson, in the district court of Eastland county, Tex., on April 25, 1921. In substance the contestant, W. R. Tomlinson, alleges that a purported election was held in the city of Cisco, in Eastland county, Tex., on April 5, 1921, for the election of a mayor and certain commissioners of the city of Cisco. Said purported election is charged to have been held in some measure in compliance with sections 6, 7, and 8 of article 5 of what purports to be the charter of the city of Cisco, which sections provide for what is called a 'preferential ballot,' and that J. M. Williamson was declared to be duly elected mayor of the city of Cisco at the said purported election, and that a certificate of election was delivered to the said Williamson. The contestant alleged that said sections 6, 7, and 8 of article 5 of the charter of the city of Cisco, which provide for what is termed a 'preferential ballot,' are in contravention of sections 2, 3, and 4 of the Constitution of the state of Texas, in that they prescribe the qualifications of an elector or voter other and different from the qualifications prescribed by the Constitution; and also that said sections are in contravention of and conflict with the laws of the state of Texas enacted by the Legislature of the state of Texas, in

that they provide for qualifications of a voter other than those prescribed by the statutes of the state of Texas.

"The contestant also alleged irregularities in the holding of said election, on account of which it was contended that the election was invalid. The contestant prayed that sections 6, 7, and 8 of article 5 of the purported charter of the city of Cisco be declared null and void, and that the court make an order, as provided by law, requiring that another election be held for the office of mayor of the city of Cisco, and in the alternative that in the event said preferential ballot should be construed to be legal and valid, then that the legal ballots cast be counted, and, if it should be found that the contestant had received a majority of the legal ballots so cast, that a certificate of election be directed to be delivered to the contestant, W. R. Tomlinson."

Appellee excepted to the jurisdiction of the court over the subject-matter upon the ground that it was a contested election case for a municipal office.

A general exception and various special exceptions were also interposed to the petition. The exceptions were overruled by the court, and the case tried upon its merits without the aid of a jury. Judgment in favor of the appellee was rendered.

Sections 6, 7, and 8 of article 5 of the charter of Cisco, the validity of which was questioned by the appellant, reads as follows:

"Sec. 6. Voting shall take place by means of the so-called preferential ballot. That is, the ballot shall contain the name of the candidates without party or other designation, and to the right of the names there shall be three columns headed, respectively, First Choice, Second Choice and Third Choice. Each voter shall be entitled to, and must indicate on his ballot not only his first choice, but also those other two candidates, in the order of his preference, whom he would be willing to support in case his first choice should fail of election. This is done by marking a cross opposite the candidates' name in the column desired. Each voter therefore can and must vote as many first choices, as there are places to be filled, the same number of second choices and third choices, but only one cross may be put after any one name.

"Sec. 7. In preparing his ballot, each elector must express his first and second choice at elections when only two commissioners are to be elected, and his first choice, second choice and third choice, when three commissioners are to be elected, and no candidate shall be voted for more than one time by any elector and no ballot shall be counted at any election unless prepared in accordance with the requirements of this section.

"Sec. 8. Candidates who receive a clear majority of first choices shall be declared elected. If the number of candidates receiving a clear majority of first choices cast for each remaining candidate shall be added to his first choices. These candidates who have now received a total of first and second choices, amounting to a majority of the number of ballots filled out, shall be declared elected in the order of their totals. If there are still places unfilled because not sufficient candidates have yet received such a majority the process is repeated with the third choices. Any vacancies thereafter remaining shall be filled by the candidates in the order of the total choices."

## Opinion.

[1, 2] As to that phase of appellant's suit which seeks an adjudication that sections 6, 7, and 8 of article 5 of the Charter of Cisco are invalid it would seem there is no merit in the particular objection urged against them. These articles do not undertake to prescribe the qualifications of the voters. But, however this may be, the validity of those provisions cannot be raised in this proceeding; the proper remedy is an information in the nature of quo warranto. Brennan v. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758; Troutman v. McClesky, 7 Tex. Civ. App. 561, 27 S. W. 173; Snyder v. Baird, etc. (Tex. Civ. App.) 109 S. W. 472; Ex parte Keeling, 54 Tex. Cr. R. 118, 121 S. W. 605, 130 Am. St. Rep. 884.

[3, 4] The other phase of the suit is purely an election contest for the office of mayor of Cisco. It is settled, that the district court has no jurisdiction of an election contest for offices of incorporated cities, towns, and villages. It is necessary only to refer to the authorities. Odell v. Wharton, 87 Tex. 173, 27 S. W. 123; Compton v. Holmes, 94 Tex. 578, 63 S. W. 621; Davis v. Hubbard (Tex. Civ. App.) 233 S. W. 875.

The proper remedy is in an information in the nature of quo warranto, or a suit for the office, as distinguished from an election contest. Davis v. Hubbard, supra; Shipman v. Jones (Tex. Civ. App.) 199 S. W. 329.

Upon the views indicated the court below should have dismissed the suit. Judgment upon the merits was not proper.

The judgment will be reversed, and judgment of dismissal here rendered. Costs of appeal will be taxed against appellant.

Reversed and rendered.