### FOWLER et al. v. THOMAS et al.*
#### (No. 6949.)

(Court of Civil Appeals of Texas. Austin. June 17, 1925. Rehearing Denied July 6, 1925.)

**1. Elections ⚖️275—In election contest trustees of independent or common school district held to constitute "county officers" so as to give district court jurisdiction.**

Trustees of an independent or common school district under general law, as distinguished from those of a city assuming control of its schools, held to be "county officers," within Rev. St. 1911, art. 3049, providing for contest of elections for any county office, and Const. art. 5, § 24, providing for removal of certain county officers so as to give district court jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, County Officer.]

**2. Appeal and error ⚖️781(5)—Issues involved in contest of election of school trustees held not to become moot by resignation of contestee and election of contestor to position vacated.**

Issues involved in contest of election held for school trustees held not to become moot, in view of Rev. St. 1911, arts. 2893, 3063, though one of contestees who had been declared elected, and had qualified, resigned, and contestant was elected by other trustee to position vacated, where allegations of contestant clearly raised issue of fraud in the count and extraction and substitution of ballots.

**3. Elections ⚖️269—State election contests are special proceedings, and governed by statute.**

State election contests are special proceedings, and are governed strictly by Rev. St. 1911, arts. 3046–3078.

**4. Elections ⚖️291—Burden on contestees to show that court was without jurisdiction of election contest.**

In contest of election held for school trustees, burden was on contestees to affirmatively show that court trying contest was without jurisdiction, and allegation that contestee had

resigned prior to filing papers in court is insufficient.

**5. Elections ⚖️280—Election contest is instituted by service of contestant's notice and statement.**

Under Rev. St. 1911, arts. 3046–3078, providing for election contest, proceeding is instituted by service of contestant's notice and statement.

**6. Elections ⚖️275—Jurisdiction of court to try election contest not ousted by resignation of contestee subsequent to service of notice and statement of contest upon him.**

Court was not ousted of jurisdiction of contest of an election held for school trustees by resignation of contestee subsequent to service of notice and statement of contest upon him, in view of Rev. St. 1911, arts. 3046–3078, since proceeding was instituted by service of contestant's notice and statement.

Appeal from District Court, Milam County; John Watson, Judge.

Suit for injunction by F. D. Fowler and others against Hazel Thomas and others. From an order denying a temporary injunction, plaintiffs appeal. Affirmed.

E. A. Camp, of Rockdale, for appellants.

Chambers, Wallace & Gillis, and Henderson, Kidd & Henderson, all of Cameron, for appellees.

McCLENDON, C. J. The appellants F. D. Fowler, H. H. Gaston, and W. C. Hatter, as citizens and qualified voters in Gause independent school district in Milam county, brought this suit in the district court of that county to restrain appellee Miss Hazel Thomas and her attorneys from further prosecuting a contest of an election held for school trustees in said district, and from causing the ballot boxes to be opened in said proceeding. The prayer was for a temporary injunction to be made final upon hearing. On the day the petition was filed it was presented to the district judge, and temporary injunction was denied. The present appeal is from this order denying a temporary injunction.

Appellants contend that the district court is without jurisdiction to further proceed in the election contest upon two grounds: First, because our statutes do not authorize a contest of an election for trustees of school districts; and, second, because, as they allege in their petition, prior to the time the contest was filed with the district clerk one of the contestees filed his resignation with the remaining members of the district school board, which resignation was accepted, and contestant elected to fill the vacancy, and by reason thereof it is contended that all questions raised by the contest became moot, and so became prior to the time the proceeding was instituted.

---

In connection with the appeal appellants have filed a motion in this court, praying for a temporary restraining order to preserve their rights pending decision of the case upon its merits. This relief was granted until we could hear all parties to the appeal.

Appellees, among other things, contend that, even conceding want of jurisdiction of the district court to hear the contest, or that the questions in the contest have become moot, appellants are not entitled to an injunction in a case of this character. We find it unnecessary to pass upon this question as well as a number of others raised by appellees, for the reason that we have reached the conclusion that the district court has jurisdiction of the contest and not all matters involved in the controversy have become moot.

We will consider, first, whether the court has jurisdiction to try a contest of an election for district school trustees.

Prior to the amendment to the Constitution of 1891, the courts had no jurisdiction to try contested elections, and the Legislature could not confer such jurisdiction. The election contest statutes which were embraced in chapter 6, title 34, of the Revised Statutes of 1879, were accordingly held unconstitutional. See Ex parte Towles, 48 Tex. 413; Williamson v. Lane, 52 Tex. 335; Ex parte Whitlow, 59 Tex. 273. The amendment of 1891 conferred generally upon district courts jurisdiction to try "contested elections," but this amendment was held not to be self-executing, and, as the prior statutes upon the subject were void at the time they were enacted, the amendment was held not to "vitalize or render valid" those statutes. Odell v. Wharton, 87 Tex. 173, 27 S. W. 123.

In 1895 the Legislature passed an act (Laws 1895, c. 46) providing for contested elections, which was a re-enactment of prior statutes held void, and is substantially the same as our present statutory law upon the subject. This act was passed by the same session of the Legislature at which the 1895 codification was adopted, but the provisions of the act were not carried into the codification prior to its adoption. The codifiers, however, later embodied this statute in the codification as chapter 7 of title 36, making some minor changes in the wording in some of the provisions.

Article 1759 of the Revised Statutes of 1879 was carried forward into the 1895 codification as article 1810. This article reads:

"The provisions of this title shall apply to all elections, whether for officers or for other purposes, where not otherwise provided by law."

In the case of Compton v. Holmes, 94 Tex. 578, 63 S. W. 621, in answer to certified questions propounded by this court, the Supreme Court held that, since there was no provision in the 1895 act for the contest of elections for municipal offices, and since at the time article 1810 was adopted as a part of the 1895 codification the provisions of the 1895 act, afterwards carried into the codification as chapter 7 thereof, was not a part of the codification, the articles comprising chapter 7 could not have been referred to by the Legislature in article 1810 as provisions of title 36; and therefore that the provisions of chapter 7, title 36, were not enlarged by article 1810 so as to authorize a contest of elections for municipal offices.

The Terrell Election Law (1905), under the heading "Contested Elections," provided in section 92 that all election contests, except those for primary nominations, should be tried according to the act of 1895, unless otherwise provided by law; and in section 93 as follows:

"The provisions of this act shall apply to all elections held in this state, except as otherwise herein provided." Laws 1905 (Sp. Sess.) c. 11.

In the codification of 1911, section 93 of the act of 1905 was embraced in title 49, chapter 9, as article 3081; the codifiers changing the word "act" to the word "title." The bracket numbers in this codification refer to this article as No. 1810 and No. 1759 of the 1895 and 1879 codifications respectively. It will be observed that the language of article 3081 is the same as that of section 93 of the act of 1905, with the exception of the substitution of the word "title" for the word "act," and that the phrase, "whether for officers or for other purposes," which appears in the 1895 and 1879 codification, is omitted.

Following the decision in Compton v. Holmes, the Galveston court in Davis v. Hubbard, 233 S. W. 875, and the El Paso court in Tomlinson v. Williamson, 243 S. W. 287, have held that article 3081 of the 1911 codification did not confer upon the district court jurisdiction to hear contests of elections for municipal offices.

It will be noted that in the Compton Case the Supreme Court expressed the view that—

"As chapter 7, referred to in the question, is, in the published volume containing the Revised Statutes, a part of the same title with the article quoted, the provisions of such chapter concerning contested elections would appear to be made applicable to municipal elections."

This quotation would seem to indicate that the Supreme Court was of the view that, if the provisions of the 1895 statute governing election contests had been carried into the codification as chapter 7 of title 36, as it afterwards appeared by act of the codifiers, its provisions would apply to municipal elections under article 1810. So far as the question at issue is concerned, we see no substantial difference between the language of article 1810 of the 1895 codification and that of article 3081 of the 1911 codification, and, if the question were one of first impression,

we might be inclined to follow the expression of opinion of Judge Williams. However, the Supreme Court did not then have before it the particular question for decision, and, in view of the holdings by the Galveston and El Paso courts, and further in view of the fact that in our opinion the court has jurisdiction of the case independent of these rulings, we express no opinion upon this question further than to state that the reasoning in the opinion by the Galveston court appears to us to be quite cogent. It is there pointed out that, although article 3081 refers to the entire legislative title which embraces the chapter on, contested elections, still there is no forum provided for the contest of municipal elections or of elections other than those specifically set forth in the several articles under chapter 8 of that title. It has been repeatedly held that only such jurisdiction in election contests is conferred upon the district court as that granted in the enabling act. Each of the articles under chapter 8 of this title which confers jurisdiction in a specific case names the particular district court in which the contest may be tried. These provisions have uniformly been strictly construed, so much so that even a change of venue from one district court to another has not been allowed, the holding being that only the particular court named in the enabling act had jurisdiction of the case, and the court to which the venue was sought to be changed was wholly without power to try it. Calverley v. Shank, 28 Tex. Civ. App. 473, 67 S. W. 485.

The conclusion reached in Davis v. Hubbard is in line with the general holdings of all the appellate courts of this state which apply a strict construction to these statutes in so far as jurisdictional matters are concerned.

Article 3049, however, provides for the contest of elections for any county office, and requires that it be brought in the district court in the county where the election was held. Under the decisions of this state we think the trustees of school districts other than those in cities that have assumed control of their schools as independent districts are county officers within the meaning of this statute. Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120; Bonner v. Belsterling, 104 Tex. 432, 138 S. W. 571; Hendricks v. State, 20 Tex. Civ. App. 178, 49 S. W. 705; Buchanan v. Graham, 36 Tex. Civ. App. 468, 81 S. W. 1237; Walker v. Walter (Tex. Civ. App.) 241 S. W. 524.

While these decisions are not with reference to the statute under consideration, yet they relate to a kindred matter, and construe a provision of the Constitution authorizing the removal of certain specified officers. Constitution, art. 5, § 24. This article provides for the removal of "county judges, county attorneys, clerks of the district and county courts, justices of the peace, constables and other county officers," and it is held in the cases cited that trustees in school districts created under general law are county officers within the meaning of this provision.

In Bonner v. Belsterling the Supreme Court held that trustees in independent school districts in cities of more than 10,000 inhabitants are not county officers within the constitutional provision cited. The court, however, referred to and expressly approved the holding in Hendricks v. State, above, in the following language:

"In that case the district was a subdivision of a county and the trustee derived his authority solely from the general law which applied to the county. He was therefore an officer in the county and of the county in the same sense as was a justice of the peace. The court properly held that he was subject to removal under the article above stated."

[1] We do not think it necessary to discuss this matter in detail, but simply refer to the cases above cited in which the duties of trustees under the general law and those of trustees in a city constituting an independent school district are stated and contrasted. We think it clear from these decisions that trustees of an independent or common school district under general law as distinguished from those of a city assuming control of its schools come within the designation of county officers, and, there being nothing in the article referred to to indicate to the contrary, we think it authorizes a contest of elections for such trustees.

[2] Appellants' contention that the questions involved in the contest have become moot is based upon the allegation in their petition for injunction to the effect that prior to the time the contest was filed in the district court one of the contestees, who in the meantime had been declared elected and had qualified, filed his resignation with the remaining members of the board, who in turn elected the contestant to the position thus vacated. The petition alleges that she declined to accept this election, but it is contended that by reason of this resignation and election she has obtained, or may obtain, by accepting thereunder everything that a successful contest of the election would afford. Revised Statutes, article 2893, provides that vacancies in the office of school trustees of districts of this character shall be filled by the remaining members of the board for the unexpired term, and, as the office carries no salary, it is contended by appellants that nothing is to be gained by the contest which may not now be had by contestant by merely qualifying under this election by the board. If this contention is correct, and nothing further is involved in the suit, then it would seem clear to us that there would no longer be any necessity for prolonging the contest. We have reached the conclusion, however, that under the provisions of article 3063 a contested election may not be disposed of in

this way; at any rate, not without the consent of the court trying it. If the contest involved alone the title to the office as between contestant and contestee, and the judgment to be rendered by the court must be necessarily for the one or the other, the controversy would end by the resignation of the contestee and the election of the contestant for the full term. By this action the subject-matter of the contest would cease to exist. But article 3063 provides that, should it appear that it is impossible to ascertain the true result of the election by reason of fraud or other matters specified therein, "the court shall adjudge such election void, and direct the proper officers to order another election to fill said office." The petition alleges that contestant received 139 votes at the election, and that the returns showed that she only received 62 votes. There were four trusteeships to be filled, and it is alleged that by reason of fraudulent acts of the election judges, the nature of which was unknown to her, the returns did not show the true status of the vote. She sets up the names of the 139 electors who voted for her, as she alleges, and she charges unlawful and fraudulent methods in holding the election in two particulars: First, that some one or more of such persons fraudulently failed and refused to count for her and correctly tabulate 77 of the votes cast for her; and, second, some one or more of said persons acting as election officers unlawfully or fraudulently withheld or extracted from the ballot box of said election ballots cast for her, and substituted therefor and counted for some one or more of the trustees other and forged ballots so marked as to falsely indicate that they were cast against her. These allegations clearly raise the issue of fraud in the count, and fraud in the extraction and substitution of ballots. What the proof may be can only be determined upon trial; but it is clear that, if it should develop upon the trial that there was fraud of the character alleged, and the election was conducted in such a manner that the court could not fairly determine the successful candidate or candidates. another election should be ordered. Such election would, of course, place the power of filling the office, not in the board of trustees, but in the electorate of the district, and might result in the election of some one other than contestant or contestee. The issues involved in the contest were therefore not entirely moot, since the result of the contest might be entirely different from that reached by the resignation of contestee and the election by the board of contestant.

[3-6] Appellants further contend that the jurisdiction of the court to hear the election contest was ousted by the resignation of contestee prior to the filing of the contest in the court; that there was therefore, at the time the proceeding was instituted, no contestee, and the only remedy available to contestant was a suit by her for the office against the then incumbent; and, since she has been elected to fill the unexpired vacancy, she could obtain the only relief thereby available by simply qualifying for the office. We are inclined to think that this position would be correct if the petition had alleged that contestee's resignation had taken place prior to the institution of the contest instead of prior to its filing in the district court. We do not agree with appellants' contention that the contest was not instituted until the notice of contest was filed with the district clerk. Under all of the authorities in this state election contests are special proceedings, and are governed strictly by the provisions of chapter 8, of title 49, Revised Statutes 1911. This chapter provides for delivery to the contestee of a notice of contestant's intention to contest together with a written statement of the grounds on which contestant relies to sustain the contest. The contestee is required within 10 days after this notice to deliver to the contestant, his agent or attorney, a reply thereto in writing. Article 3053 provides for the service of this notice, statement, and reply, and, when such notice, statement, and reply have been filed with the clerk of the court, the case is then docketed as other causes. No other service is required in the proceeding, and we think it quite clear from these statutory provisions that the proceeding is instituted, commenced, or set in motion by the service of contestant's notice and statement. When this service was had, the contest, in our opinion, was instituted in the same sense that a suit in a civil case is instituted by filing the petition. Appellants do not allege in their petition for an injunction that the contestee resigned prior to the service of this notice and statement, but simply that the resignation took place prior to the filing of the contest in the district court. If the resignation had antedated the service of the notice and statement, no doubt appellants would have alleged that fact. At any rate, it was incumbent upon them affirmatively to show that the court was without jurisdiction, and the allegation that the resignation was prior to the filing of the papers in court was not sufficient.

We are clear in the view that jurisdiction of the court to hear the contest was not ousted by the resignation of the contestee subsequent to the service of the notice and statement upon him; all questions involved in the contest not thereby being rendered moot.

While there are other questions raised in connection with the appeal, they are rendered immaterial by the conclusion we have reached above, and it is unnecessary to discuss them.

We find no error in the trial court's judgment, and it is affirmed. The temporary restraining order heretofore entered is set aside and annulled.

Affirmed.