

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 1, 1962

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-1110A

Re: Terms of office of county
school trustees.

Dear Sir:

Your opinion request reads in part as follows:

"Attorney General Opinion WW-1110 (August, 1961) holds in substance that the term of office of the elective county school trustees of this State is four years, by virtue of Section 64, Article XVI, Constitution of Texas, adopted in the Fall of 1954. Prior to Section 64, supra, the term of office was governed by Article 2676, V.C.S.; annually three or two county trustees alternately were elected for two-year terms at the regular school trustee election held generally on the first Saturday in April.

"The first election of county school trustees following the adoption of Section 64 was held in April, 1955. At that election and for each year following (including the election held in April 1961), county trustee elections have been held annually when either three or two trustees have been elected for presumed two-year terms, as if Article 2676 had not been affected by Section 64.

"Now that county school authorities are apprised of this irregularity they are anxious, of course, to conform to the holding in WW-1110 and need to be advised as to how they may inaugurate the process of electing county school trustees on a four-year basis at elections that would necessarily be held every two years.

" * * *

"The Agency needs and would appreciate receiving at the earliest convenience of your

office, trustee election time fast approaching, an opinion on the following problem:

"The proper method whereby now there may be inaugurated the four-year term, every-two-year elections of elective county school trustees in counties which through April 1961 have elected county school trustees annually, presumably for two-year terms."

Upon reconsideration of Opinion No. WW-1110, we have concluded that we erred in holding that the office of county school trustee is a county office within the meaning of Section 64 of Article XVI of the Texas Constitution and that the provision in Article 2676, Revised Civil Statutes, fixing the terms of county school trustees at two years, is unconstitutional as being in violation of that section.

Article 2676, R.C.S., reads in part as follows:

"Section 1. The general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the county and one (1) from each Commissioner's Precinct by the qualified voters of each Commissioner's Precinct, who shall hold office for a term of two (2) years. The time for such election shall be the first Saturday in April of each year; * * *,"

Section 3 of Article 2676 provides that "each year there shall be elected alternately two county school trustees and three county school trustees in each county."

Section 64 of Article XVI of the Constitution provides:

"Section 64. The office of Inspector of Hides and Animals, the elective district, county and precinct offices which have heretofore had terms of two years, shall hereafter have terms of four years; and the holders of such offices shall serve until their successors are qualified."

This section was added to the Constitution as a part of a constitutional amendment proposed by S.J.R. No. 4, 53rd Legislature,

1953, and adopted at the general election in 1954. The caption of the Resolution stated its subject matter to be:

> "Proposing an amendment to the Constitution
> of the State of Texas to provide a four year
> term of office for elective district, county and
> precinct offices; staggering the terms of such
> offices by having certain holders of such offices
> to be elected for terms of varying length in the
> November, 1954, general election; and providing
> for the necessary proclamation and election."
> (Emphasis supplied.)

The staggering of the offices was accomplished by adding Section 65 to Article XVI, providing that certain officers elected at the general election in 1954 were to serve for the full four-year terms and that certain other officers elected at that election were to serve only for terms of two years. Enumerated in this section were all the constitutional offices created by the various sections of the Constitution which were amended by S.J.R. No. 4 to change the terms from two to four years, the office of criminal district attorney, judges of all the kinds of statutory courts of county-wide jurisdiction then in existence, and the statutory offices of inspector of hides and animals and public weigher. No mention was made anywhere in the amendment of the office of county school trustee.

We are of the opinion that the offices enumerated in Section 65 included all offices then in existence which S.J.R. No. 4 was intended to cover. The subject matter of this section was stated in the caption of the Resolution by the language, "staggering the terms of such offices * * *." The phrase "of such offices" refers back to the elective district, county and precinct offices whose terms were being increased by the amendment. If Section 65 had been intended to cover only part of those offices, the caption could easily have so indicated by stating that the amendment provided for the staggering of the terms of certain of such offices. The use of the phrase "of such offices" without limitation reasonably suggests that the staggering of all such offices was provided for in the amendment.

It is also significant that the amendment expressly mentioned the statutory office of inspector of hides and animals--an office which now exists only in a small number of counties (see Arts. 6972, 7005, 7008, R.C.S.), and the statutory office of public weigher, which has fallen into disuse in many counties, but failed to mention the office of county school trustee, which in 1953 had been in existence in practically

every county of the State for approximately forty years, and for which office a yearly election was regularly held. S.J.R. No. 4 obviously had been drafted with much thoroughness, amending as it did each separate section of the Constitution covering the constitutional offices and sifting through the statutes to pick up statutory offices such as inspector of hides and animals, public weigher, and judges of county courts-at-law, county criminal courts, county probate courts, and county domestic relations courts (which, as we have said, included all types of statutory courts of county-wide jurisdiction then in existence). It would be surprising indeed to think that the drafters, exercising such great care, would have failed to make express mention of county school trustees if the intent had been to include this office in the term "county offices."

When one looks to the basic purpose of S.J.R. No. 4, it is seen that there was no necessity for including county school trustees in the amendment. As we construe it, the object of the amendment was to increase to four years the terms of certain offices which the Constitution theretofore had limited to two years. At the time of its adoption, the terms of offices not specifically fixed by the Constitution were governed by the following constitutional provisions:[1]

(1) Article XVI, Section 30, as amended in 1894, which provided:

"The duration of all offices not fixed by this Constitution shall never exceed two years; provided, that when a Railroad Commission is created by law it shall be composed of three Commissioners who shall be elected by the people at a general election for State officers, and their terms of office shall be six years; * * *."

(2) Article XVI, Section 30a, added in 1912 to relax the two-year limitation in Section 30 for terms of members of state boards, so as to authorize staggered terms of six years with one-third of the members being elected or appointed every two years.

---

[1]Article XVI, Section 30b, adopted in 1940, relates to appointive offices of municipalities which are placed under civil service, and need not be noticed here. Article XI, Section 11, also relating to terms of municipal offices, was adopted in 1958.

(3) Article VII, Section 16, added in 1928 as a further relaxation of Article XVI, Section 30, to provide as follows:

"The Legislature shall fix by law the terms of all offices of the public school system and of the State institutions of higher education, inclusive, and the terms of members of the respective boards, not to exceed six years."

Article VII, Section 16 was, beyond doubt, the constitutional provision governing terms of county school trustees in 1953, when S.J.R. No. 4 was proposed. Article 2676, R.C.S., provides that "the general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five county school trustees * * *." Every duty performed by the trustees relates to the public school system, and they are as much a part of the school system as are the trustees of school districts or the county school superintendent. Acting under this constitutional provision soon after its adoption, the Legislature increased the county school superintendent's term of office from two to four years. See Art. 2688, R.C.S., and Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932). The Legislature has also fixed the terms of the trustees of school districts at lengths ranging from two to six years. The Legislature had not seen fit to increase the terms of the county school trustees, but in 1953 it nevertheless had the power under this section of the Constitution to provide for terms up to six years. There was no necessity for amending the Constitution to enable an increase in the terms.

In Opinion No. WW-1110, it was concluded that county school trustees are "county officers" within the meaning of Section 64 because their title includes the word "county" and they are elected on a county basis. Officers classified as county officers within the meaning of certain constitutional or statutory provisions are not necessarily so classified in other instances. For example, the trustees of school districts have been held to be county officers within the terms of a statute authorizing contests of election for county office. Fowler v. Thomas, 275 S.W. 253 (Civ.App. 1925); Miller v. Coffee, 7 S.W.2d 1100 (Civ.App., 1929). They have also been held to be county officers within the terms of Article V, Section 24 of the Constitution and Article 5970, R.C.S., providing for removal of county officers from office. Kimbrough v. Barnett, 93 Tex. 301, 55 S.W.120 (1900); Walker v. Walter, 241 S.W. 524 (Civ.App. 1922); Lamb v. State ex rel. Johnson,

Honorable J. W. Edgar, page 6 (WW-1110A)


267 S.W.2d 285 (Civ.App. 1954). Yet it could hardly be contended that trustees of school districts are county officers within Section 64 of Article XVI, and that the trustees of school districts whose terms were fixed by statute at two years in 1954 were given four-year terms by that section.

In view of the decisions cited in the preceding paragraph, a county school superintendent undoubtedly would also be classified as a county officer within the contest and removal statutes; but Attorney General's Opinion No. WW-1051 (1961) held that he was not a county official within the terms of Article 2372h-2, V.C.S., authorizing the commissioners court to provide hospitalization insurance to county officials and employees.

In Webb County v. Board of School Trustees of Laredo, 95 Tex. 131, 65 S.W. 878 (1901), it was held that a county could not be held responsible for the failure of the county superintendent to make a proper apportionment of the available school funds of the county, stating:

"Though, in a sense, a county officer, and though called 'county superintendent,' he is, in fact, the officer and agent of the state,-- the state having assumed the functions of maintaining public free schools for the education of the children throughout its domain, the counties being recognized with reference to that business merely as convenient subdivisions of territory, and some of their officers as proper agents for the administration of affairs relating to the public free schools. Such officers, with respect to such affairs, act for the state, and not for the county. This is the case, even as to officers who, in other respects, are county officers in fact as well as in name."

The same observation is pertinent to the office of county school trustee. Although it may be classed as a county office for some purposes, it is not a county office for all purposes. In the matter of terms of office, we think it should be classed as an "office of the public school system" under Section 16 of Article VII, rather than as a "county office" under Section 64 of Article XVI. It is our opinion that the "elective district, county and precinct offices which have heretofore had terms of two years" were included in Section 64 for the purpose of overcoming the limitation in Section 30 of Article XVI, and were not intended to include any offices of the public school system whose terms were controlled by Section 16 of Article VII. Again

adverting to the apparent care with which the amendment had been drafted, we think it most unlikely that the drafters would have failed to amend Section 16 of Article VII so as to provide that the school offices covered by Section 64 of Article XVI should thereafter have fixed terms of four years if it had been the intent to include any such offices in Section 64.

Our conclusion that county school trustees do not come within Section 64 of Article XVI is further substantiated by the legislative and administrative construction which has been given to this section. It is a well-recognized rule that the construction given to a constitutional provision by the legislative and executive departments should be given weight in determining its meaning. See cases collected in 12 Tex. Jur. 2d, Constitutional Law, § 20, and 8A Tex. Digest, Constitutional Law, §§ 19 and 20.

In 1957 the Legislature amended Article 2676, R.C.S., to clarify certain ambiguities in the law respecting procedures incident to election of county school trustees, but re-enacted the provision fixing their term of office at two years. Chapter 472, Acts of the 55th Legislature, Regular Session, p. 1383. This same Legislature, in H.J.R. No. 31, proposed an amendment to Section 65 of Article XVI of the Constitution, which was adopted at the general election in 1958. The caption of H.J.R. No. 31 read in part:

> "Proposing an Amendment to the Constitution of Texas to provide that _all county officials for whom four-year terms of office were authorized in 1954_ must resign such office prior to announcing for a different office when more than one year remains unserved of the term for which they were elected, * * *." (Emphasis supplied.)

This change was brought about by adding a paragraph to Section 65 stating that "if any of the officers named herein" shall announce their candidacy, etc., such candidacy shall constitute an automatic resignation of the office then held. Section 65, as thus amended, retained the same enumeration of offices as when it was originally adopted in 1954, which, as we have noted, did not contain the office of county school trustee. The underscored portion of the caption of H.J.R. No. 31 shows a legislative interpretation that the enumeration included all existing offices whose terms had been increased by the 1954 amendment.

As evidenced by the second and third paragraphs of your opinion request, the administrative construction of Section

64 from the date of its adoption to the date of issuance of Opinion No. WW-1110, had been that county school trustees were not covered by Section 64.

In the light of the foregoing discussion, it is our opinion that the provisions of Article 2676, R.C.S., fixing the terms of county school trustees at two years and providing for yearly election of two and three trustees alternately, are valid, and that this statute should be followed in the election of these officers. Opinion No. WW-1110 is overruled and withdrawn, and this opinion is substituted therefor.

## SUMMARY

The provisions of Article 2676, Texas Revised Civil Statutes, fixing the terms of office of county school trustees at two years and prescribing the times for their election, are valid, and this statute should be followed in the election of these officers. Attorney General's Opinion No. WW-1110, dated August 8, 1961, is overruled and withdrawn.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Dudley McCalla
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee