ROBERT HENDRICKS v. THE STATE OF TEXAS EX REL. R. H. ECKFORD.

Decided January 12, 1899.

1. **Officer of County—District School Trustees—Removal.**

A district school trustee, whose manner of election, term of office, and duties are prescribed by the statute, and who is required to qualify and take the oath of office, is a county officer within the meaning of article 5, section 24, of the Constitution, providing that "other county officers" may be removed by the district courts for incompetency, official misconduct, or other causes, and of the statutory article 3531, which recites, as among the officers who may be removed, commissioners, constables, justices of the peace, and all other county officers now or hereafter existing by authority either of the Constitution or laws. Revised Statutes, articles 3953-3955, 3531, construed.

2. **Same—Salary Not Essential.**

It is not necessary that a salary or fees should be annexed to an office to determine the nature of the position, as these are mere incidents and form no part of the office.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Boyd & Thompson,* for appellant.

*Jas. A. Breeding,* for appellee.

GARRETT, CHIEF JUSTICE.—This was a proceeding under title 74, chapter 2, for the removal of the appellant from office as a trustee of school district No. 23 (colored) of Harris County. The only questions before this court involve the authority of the district judge to remove a district school trustee. Was the appellant a public officer? and if so, was he a county officer? Trustees for school districts are required by the statute organizing the public schools of the State. Rev. Stats., arts. 3953-3955. The manner of election, the term of office, and their duties are prescribed. They are required to qualify by taking an oath to faithfully perform their duties. As defined by Mechem, "a public office is the right, authority, and duty, created and conferred by law, by which for a given period, either fixed by law or ending at the pleasure of the creating power, an individual is invested with some portion of the sovereign function of the government to be exercised by him for the benefit of the public. The individual so invested is a public officer." Mech. on Pub. Off., sec. 1. School trustees are held to be public officers. Id., sec. 55; McCoy v. Curtice, 9 Wend., 17; Ogden v. Raymond, 22 Conn., 379; Sanborn v. Neal, 4 Minn., 126; Commonwealth v. Morrissey, 86 Pa. St., 416.

Among the criterions given for determining whether an employment is a public office or not are the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers are created and conferred by law and not by contract; and the fixing of the duration or term of office. Mech., sec. 2, et seq. All of these distinguishing features are found in the trusteeship of the school districts of this State. The schools are public schools, and are administered as a part of the State government. A part of the sovereign functions of the State are intrusted to the discharge of the trustees by the law providing for the maintenance of the schools, who are required to be elected for a fixed term to serve until their successors have been elected or appointed and have qualified, which is done by taking an oath of office. It is not necessary that a salary or fees should be annexed to the office to determine the nature of the position. They are mere incidents, and form no part of the office. Mech., sec. 7.

School trustees are not mentioned eo nomine either in the Constitution or in the statute providing for the removal of officers. "County judges, county attorneys, clerks of the district and county courts, justices of the peace, constables, and other county officers may be removed by the judges of the district courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury." Const., art. 5, sec. 24. The statute names the officers who may be removed, as follows: "All district attorneys, county judges, commis-

sioners, and county attorneys, clerks of the district and county courts, and single clerks in counties where one clerk discharges the duties of district and county clerks, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justices of the peace, and all other county officers now or hereafter existing by authority either of the Constitution or laws." Rev. Stats., art. 3531. School districts are subdivisions of the county as are commissioners and justices precincts. Commissioners, justices of the peace, and constables are named along with other officers whose offices extend to the entire county, and the mention of "other county officers" is a reference to them as county officers. Each of them is an officer in and for the precinct of the county of which his precinct is a part, and consequently of the county itself, and we think there should be no difficulty in construing the Constitution and the statute as including the officers of the precincts and districts of a county in the general designation of county officers. The purpose of the Legislature to have the trustees of school districts removed in the same manner as other elective officers mentioned in the Constitution and statute is shown by the failure to provide otherwise any manner for their removal. In the case of the trustees appointed by the county judge for school communities, they may be removed by that officer upon the written application of a majority of the patrons of the school. Rev. Stats., art. 3955.

The judgment of the court below will be affirmed.

*Affirmed.*