BLAKEMORE et al. v. BOARD OF TRUS-
TEES OF PUBLIC FREE SCHOOLS OF
GALVESTON et al. (No. 8559.)

(Court of Civil Appeals of Texas. Galveston.
May 26, 1924. Rehearing Denied
June 12, 1924.)

Elections &⚬273—Contestants' interest in election of school trustees as voters and taxpayers held insufficient to confer jurisdiction on court.

Court was without jurisdiction to hear and determine a suit contesting the election of municipal school trustees, in view of Const. art. 5, § 8, and Rev. St. arts. 3046–3078, where contestants showed no interest in subject-matter of suit other than as citizens and voters.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by N. P. Blakemore and others against the Board of Trustees of the Public Free Schools of Galveston and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

L. M. Kenyon, of Galveston, for appellants.
Mart H. Royston, of Galveston, for appellees.

LANE J. This suit was originally instituted by N. P. Blakemore, Alexander Crane, H. S. Conklin, and Robert McGregor, hereafter called contestants, who alleged that they are resident citizens and qualified voters in the city of Galveston, against the board of trustees of the public free schools of Galveston, and against Mrs. I. H. Kempner, Mrs. J. E. Thompson, Charles Fowler, and Malcolm Graham as trustees, hereinafter called contestees.

After due service of notice of contest of the hereinafter mentioned election on each of the contestees, and after contestees had filed their reply to such notice, the contestants filed their first amended petition, upon which they went to trial, in which they alleged that an election was held in the city of Galveston on the 7th day of April, 1923, for the purpose of electing four trustees for said schools; that at such election Charles Fowler, Mrs. I. H. Kempner, Mrs. J. E. Thompson, and Malcolm Graham were elected as such trustees. For cause of contest of said election they alleged and charged gross irregularities and violations of the election laws of the state of Texas, in the conduct and holding of the same. Their only prayer was that upon hearing of their contest the court should hold said election wholly void in order that a legal election might be held for the election of four trustees for said schools.

The contestees filed a plea to the jurisdiction of the court, and also filed exceptions to contestants' petition.

The contestants having brought this suit as resident citizens and voters of the city of Galveston only, and not having alleged that either of them had been duly elected, or that either of them was entitled to the office of school trustee by reason of said election, or otherwise, and having shown no interest in the subject-matter of the suit other than as citizens and voters, the court sustained the plea of contestees to the jurisdiction, and also their exceptions to contestant's petition, and upon the refusal of contestants to amend the cause was dismissed. From the judgment of dismissal contestants have appealed.

For cause of reversal of the judgment contestants insist that the court erred in holding that the district court had no jurisdiction to hear and determine the cause of action asserted in their petition. In reply to appellants' contention appellees present substantially the following proposition: That as shown by the notice of contest, and the petition of contestants, the election sought to be contested was one held for the election of four school trustees for the public free schools of Galveston, and that at such election the contestees were elected as such trustees, and that as the statutes of the state of Texas confer jurisdiction upon the district courts to entertain a contest of the validity of an election held for the election of any state office, except the office of Governor, or Lieutenant Governor, or any district office, except members of the Legislature, or any county office, only when the contest is instituted by a person claiming a right to such office, and that, as the contest instituted in the present case was by parties none of whom were or are asserting any claim or right to the office involved by virtue of the election sought to be contested, or otherwise, the court was without jurisdiction to entertain said attempted contest, and therefore there was no error in dismissing the same.

Perhaps, more succinctly stated, their contention is that the only provision made by the statutes of Texas for a resident or residents of any county, precinct, city, town, or village to contest an election in the district court of such county is limited to the contest of elections held for purposes other than for the election of officers, except when the

contest is instituted by a citizen or citizens asserting a right to the office involved in the contest. In support of their contention contestees cite the following authorities: Constitution of the State of Texas, art. 5, § 8; O'Dell v. Wharton, 87 Tex. 173, 27 S. W. 123; Compton v. Holmes, 94 Tex. 578, 63 S. W. 621; Davis v. Hubbard (Tex. Civ. App.) 233 S. W. 875; Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105; Tharp v. Blake (Tex. Civ. App.) 171 S. W. 549; Cole v. State (Tex. Civ. App.) 163 S. W. 353; R. S. of Texas, arts. 3046–3078; Kimbrough v. Barnett, 93 Tex. 310, 55 S. W. 120; Hendricks v. State, 20 Tex. Civ. App. 178, 49 S. W. 705.

The authorities cited by contestees, appellees here, fully sustain their contention; indeed, we have found no decisions tending even remotely to a contrary holding. So concluding, we see no necessity of prolonging this opinion in a discussion of the law as announced in said authorities.

For the reasons expressed, the judgment is affirmed.

Affirmed.