**KEYKER et al. v. WATSON et al.　(No. 2757.)**

(Court of Civil Appeals of Texas.　Amarillo.
Feb. 2, 1927.　Rehearing Denied
March 2, 1927.)

**I. Elections ⬅275—Trustees of independent school district being "county officers," district court has jurisdiction to try election contest for such offices.**

District court has jurisdiction to try election contest for trustees of independent school districts, since trustees thereof are "county officers."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, County Officer.]

**2. Schools and school districts ⬅53(4)— Trustees of independent school district, selected pursuant to election ordered outside district in disregard of regularly held election, held not entitled to office.**

Where, after election of trustees for independent school district, two trustees, without notice, attempted to hold ·special board meeting outside district at which they attempted to appoint two persons to succeed two trustees who had resigned, and these at meeting outside district ordered election, *held* that their action was illegal and trustees so chosen were not entitled to office.

Appeal from District Court, Bailey County; R. C. Joiner, Judge.

Election contest by G. C. Watson and others against J. C. Keyker and others.　Order and judgment for contestants, and contestees appeal.　Affirmed.

Lockhart & Garrard, of Lubbock, for appellants.

Bean & Klett and Robt. H. Bean, all of Lubbock, and E. S. Rowe, of Littlefield, for appellees.

JACKSON, J.　G. C. Watson, J. T. Cunningham, J. Q. Neely, A. J. Nordyke, and G. C. Terry, contestants, instituted this suit in the district court of Bailey county Tex., against Sam Hoffman, R. A. Oakes, J. C. Keyker, W. C. Van Landingham, and Perry Lynch to contest their election to the offices of school trustees of the Bula independent school district of Bailey county, Tex.

Contestants alleged that the Bula independent school district was created by an Act of the Thirty-Ninth Legislature (Sp. Laws 1925, c. 199), providing that the school board of said district should be composed of five members; that in March, 1926, G. C. Watson, S. A. Beavers, J. C. Keyker, and Sam Hoffman constituted the qualified and acting board of trustees of said district; that on March 13, 1926, a majority of said board met at the regular meeting place in regular session and ordered an election to be held at the tabernacle in said district on April 3d, to elect five trustees for said district; that election judges were appointed, notices of such election legally posted, and the election held, at which the contestants were each duly elected, and returns of their said election were made according to law to the proper officers of said county, who failed and refused to canvass said returns, declare the result, and issue certificates of election to said contestants; that on or about March 18, 1926, the county judge of Bailey county attempted to order an election to be held at Lynch's residence in said district on April 3d, to elect three trustees in and for said district, had notices thereof posted, but appointed no judges to hold said election; that on April 3d, W. A. Locker, Clarence Hoffman, and a man whose name is unknown to contestants attempted to organize themselves into an election board and hold an election at Lynch's residence; that they made pretended returns and delivered them to the county judge, who, with the commissioners' court of the county, examined such returns and declared as a result of such election that J. C. Keyker, W. C. Van Landingham, and Perry Lynch were duly elected trustees of the Bula independent school district, and issued to such parties certificates of election.

Contestants plead at length and in detail the illegality of each step taken leading up to and resulting in the pretended election of the said J. C. Keyker, W. C. Van Landingham, and Perry Lynch; that said parties are illegally acting as trustees of said school district under said election; that all the proceedings by which they claim to have been elected were without authority of law and void, and such pretended trustees are intruders and usurpers; and that the contestants are the duly elected members of the board of trustees of said district, and entitled to the offices of such trustees.

The contestees by plea in abatement urged that the contestants could not maintain this suit because the grounds of contest alleged show that it is a suit to contest the validity of two elections had in the same district, for the same purpose, on the same day; that it is a suit for the offices of school trustees, and the value of such offices is not alleged to be the sum of $500 or more; that the district court has no jurisdiction to hear an election contest for the office of school trustee of an independent school district, as such offices are not county offices and because the contestants

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

are contesting the right of Sam Hoffman and R. A. Oakes to hold the offices of trustee without alleging that they were elected or holding such offices.

The court sustained the part of contestee's plea in abatement urging the insufficiency of the right shown by contestants to maintain their action against Sam Hoffman and R. A. Oakes, and overruled such plea in all other particulars.

Contestees answered by general demurrer and by special exceptions, the only ones of which it is necessary to note are those presenting again the questions involved in contestee's plea in abatement. They also pleaded general denial.

The court, at the conclusion of the trial, rendered a decree adjudging the contestants, G. C. Watson, J. T. Cunningham, J. Q. Neely, A. J. Nordyke, and G. C. Terry, duly and legally elected, and entitled to have issued to them certificates of election as trustees of the Bula independent school district, and that J. C. Keyker, W. C. Van Landingham, and Perry Lynch had not been elected to such offices and were not entitled to the certificates of election issued to them by the commissioners' court.

From this order and judgment of the court, the contestees, appellants here, have prosecuted this appeal.

The court's findings of fact filed herein, in so far as they are necessary to a disposition of the appeal, are in effect that the Bula independent school district was created out of school district No. 11 in said county by an act of the Thirty-Ninth Legislature, which became effective March 16, 1925, and provided that the school board of the district should consist of five members; that the trustees of district No. 11 in charge of the public free schools within the territory should continue to serve as trustees until the next succeeding election for trustees, as provided for by general law; that W. H. Thorn and Sam Hoffman were trustees of the old district, and no election was held in April, 1925, but by appointments the school board on March 13, 1926, was composed of I. A. Shattock, S. A. Beavers, Sam Hoffman, and G. C. Watson, a majority of whom regularly ordered an election to be held at the tabernacle in said district on April 3, 1926 to elect five trustees, appointed judges of said election, and posted proper notices thereof; that the names of the contestants were given to the county judge to be placed on the official ballots as candidates, and a request was made to the county judge that supplies be furnished for holding said election, but that he failed to furnish any supplies; that other supplies were secured, the election regularly held, and the contestants, each of whom are qualified to hold the office of school trustee, were duly elected; that returns were made of their election and delivered to the county judge to be canvassed by the commissioners' court, the results declared,

and certificates of election issued, all of which the judge and commissioners failed and refused to do, although such matter was considered by them in regular session on April 12, 1926; that on March 17, I. A. Shattock was the president of the school board, and on that day Sam Hoffman and J. C. Keyker went to the field where Shattock was at work, carrying an instrument stating that S. A. Beavers, a member of the board, wished to resign; that Hoffman and Keyker requested Shattock to join them in holding a meeting of the board immediately there in the field; that he refused and advised them that the regular meeting of the board would be held that night at the tabernacle, the regular place of the meeting of the board, at which time all proper matters would be considered; that over the protest and without the participation of Shattock, the president, Hoffman and Keyker accepted the resignation of Beavers, and immediately thereafter the president, on account of such conduct, wrote out and tendered his resignation as trustee and delivered it to them; that they left the field late in the evening, going outside of the district some 25 miles to Muleshoe, leaving in the district the trustee G. C. Watson, who went to the tabernacle that night to the regular meeting of the board, but no other trustee appeared; that on the night of the 17th Hoffman and Keyker, only two of the trustees of the school board, purported to hold a meeting of the board at Muleshoe in the office of the county judge, and attempted to appoint Perry Lynch as one of the trustees of the district; that on the 18th Lynch, Hoffman and Keyker attempted to appoint R. A. Oakes as another member of the board of trustees, and selected Hoffman and Oakes as the two trustees to serve the term beginning May 1, 1926; that they attempted to call an election and appoint judges to hold it on April 3, 1926, at the residence of Perry Lynch in said district; that the county judge prepared, signed, and caused notices thereof to be posted, and furnished supplies for the election at the Lynch residence; that the purported election was thus held for three members of the board of trustees, returns thereof made to the county judge, and the commissioners' court, on the 12th of April, canvassed the returns and declared J. C. Keyker, W. C. Van Landingham, and Perry Lynch elected, and issued to them certificates of election.

The above findings are amply supported by the testimony, and, as we understand, are not attacked by appellants, but they challenge, by proper assignment, the judgment of the court because the office of school trustee of an independent school district is not a county office; the pleadings disclose it was a suit for office, without alleging that the offices were of the value of $500, or more, was an attempt to contest the validity of two elections, and therefore the court was without jurisdiction to hear and dispose of said suit.

[1] It has been expressly held that the trustees of an independent school district are "county officers," and that the district court has jurisdiction to try an election contest for such offices. Fowler et al. v. Thomas et al. (Tex. Civ. App.) 275 S. W. 253; Hendericks v. State ex rel. Eckford, 20 Tex. Civ. App. 178, 49 S. W. 705.

"An election contest necessarily involves questions of both fact and law. It may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election. The ineligibility of a candidate before an election, whether arising from lack of age, or from personal misconduct, or other infirmities, the manner of giving notice of the election, appointing election officers, their qualification, the creation of election districts, the preparation of the polls or polling places, the manner in which the ballots may have been prepared, and various other things which of necessity precede an election, are all well-known subjects of election contests.

"A failure to observe any one or more of the many articles of title 49, Revised Statutes, applicable to general elections, may become the subject-matter of an election contest, and many of these provisions concern matters which must occur before the time of actual voting. In determining what a 'contested election' is, we must bear in mind that an election in this state is not a single event, but a process, and that the entire process is subject to contest." Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012.

It is not claimed that contestants failed to comply with any procedure prescribed by the statutes giving to the district courts jurisdiction to try election contests.

There was no misjoinder of parties or causes of action. Kennison et al. v. Du Plantis et al. (Tex. Civ. App.) 220 S. W. 118.

[2] If the findings of the court not assailed by appellants are correct, the election held at the tabernacle was ordered by the proper authority on March 13th, for the election of five trustees, which would, under the act, constitute a full board. Notice of such election was legally given, and it was honestly and fairly held. Thereafter, on the 17th of March, two of the trustees, without giving any notice thereof, attempted to hold a special meeting of the board outside of the district, at which meeting these two trustees attempted to appoint two parties as trustees to succeed two members of the board who had resigned. On the 18th of March, at a meeting outside of the district, these two members, with their appointees, attempted to select two of their number who should hold office for the term beginning May 1, 1926, and attempted to order an election for the election of three other members of the board of school trustees who would hold office for the term beginning May 1, 1926. The members so selected to hold over were trustees by appointment because there had been no election in 1925, and, under the law, their time expired with the next regular election of school trustees on April 3, 1926; hence the attempt by these two trustees and their appointees to select two of themselves to hold over was an invasion of the rights of the voters of the district to elect two trustees, and was without sanction of law, and in their attempted order of an election for three trustees only they assumed an unwarranted authority in substituting their wishes for the judgment of the qualified voters of the district as to who should constitute at least two members of the board of trustees.

The action, taken by these two trustees and their appointees, did not attempt to modify or rescind the order for the election made by a majority of the board of trustees on the 13th of March, and such order was in full force and effect. The two elections, one at the tabernacle and the other at Lynch's residence, could not both be valid because held in the same district on the same day for the election of trustees for the district. 20 C. J. p. 90, par. 70.

Both of such elections might be void, but we have concluded from the facts disclosed in this record that the election at the tabernacle was properly ordered and honestly and fairly held, and that the court had jurisdiction to hear and determine the contest; therefore the judgment of the trial court that the contestants were the duly and legally elected trustees of the Bula independent school district is affirmed.