**MILLER et al. v. COFFEE et al.** (No. 3128.)

Court of Civil Appeals of Texas. Amarillo. May 15, 1929.

Rehearing Denied June 5, 1929.

Lackey & Lackey, of Stinnett, Ove E. Overson, of Borger, and E. J. Cussen and Hoover & Hoover, all of Canadian, for appellants.

Holmes & Buckley, of Borger, and Carrigan Britain, Morgan & King, of Amarillo, for appellees.

HALL, C. J. This appeal is from the judgment of the district court of Hutchinson county rendered in an election contest filed by C. Coffee and G. C. Harney against John R. Miller, Heywood Moore, and W. R. White. The contestants and contestees, with three other citizens of the town of Borger, were candidates for the office of school trustees of the Borger independent school district, and the election was held on April 7, 1928. The case was tried to the court without the intervention of a jury, upon what purports to be an agreed case filed under Revised Statutes 1925, art. 2177.

The result of the election as to the parties hereto, as declared by the presiding officers, shows that they received the following votes: Miller, 271; Moore, 260; White, 272; Coffee, 199; Harney, 176. Based upon the election returns, the board of trustees of the district declared Miller, Moore, and White elected.

One of the contentions is that the election was void because the presiding judge at the polling place failed to place his signature or initials on the blank side of the ballots before said ballots were deposited in the ballot boxes. The trial court held that such failure rendered the election void.

By answer to questions certified to the Supreme Court, it was there determined that the failure of the presiding judge to so write his name upon the blank side of the ballots rendered the election void. 15 S.W.(2d) 1036. This being true, the judgment of the trial court which declared the election void and ordered a new election must be affirmed, unless reversible error is presented by other assignments.

During the trial of the case, the parties entered into a written stipulation, the material parts of which are that the presiding judge did not sign his name or place his initials upon any ballot cast at said election prior to the time it was deposited in the ballot boxes, and that the court might enter judgment in this cause on the exceptions of the contestees and the pleadings, without the introduction of any further testimony.

This stipulation eliminates all questions of fraud and irregularity.

The holding by the Supreme Court that the election is void because the presiding judge thereof failed to write his name upon the back of the ballots disposes of several propositions urged. Appellants, however, further insist that this is a suit to contest an election by an individual, improperly joined with a suit for the recovery of an office, where the petition does not show that the emoluments of the office amount to more than $500; that there is, for said reason, a misjoinder, and because the value of the office is not shown, the district court had no jurisdiction.

This contention is without merit, because the district court has jurisdiction of contested election suits in cases of this character filed under Rev. St. 1925, arts. 3041 to 3054, inclusive. We do not agree with appellants that there has been a misjoinder of causes of action, but even if we are in error, the defect was not properly raised in the trial court. The appellants filed what is termed a plea in abatement, incorporated in a separate instrument, after their original answer had been filed, which was, therefore, not in due order of pleading. We think, however, that instead of being a plea in abatement, it is simply a special exception; but in either event it cannot be considered, because not properly filed. Certain portions of the contestants' pleadings might be construed to be a suit for an office, but this ground of recovery was abandoned at the trial and has not been considered by the trial court, and the error therefore, if any, is harmless, because no prejudice is shown.

The district court has jurisdiction to try cases involving a contest of an election for trustees of an independent school district, because such trustees are county officers. Keyker et al. v. Watson et al. (Tex. Civ. App.) 291 S. W. 957; Fowler et al. v. Thomas et al. (Tex. Civ. App.) 275 S. W. 253; Hendericks v. State ex rel. Eckford, 20 Tex. Civ. App. 178, 49 S. W. 705.

The contestants in this case were candidates and claimed to have been elected, and they had the right to maintain the action in their own name. Kennison et al. v. Du Plantis et al. (Tex. Civ. App.) 220 S. W. 118; Blakemore v. Board of Trustees (Tex. Civ. App.) 262 S. W. 843.

For the reasons stated, the judgment is affirmed.