*Special*



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Albert J. Hutson
County Attorney
Trinity County
Groveton, Texas

Dear Sir:

Opinion No. O-2655
Re: Eligibility of directors
of a bank which has been
designated as the depository
of an independent school
district having more than
150 scholastics to serve as
a member of the board of
trustees of said district.

We have your request for an opinion on the following proposition:

"Three members of the Board of Trustees
of the Trinity Independent School District
are directors in the school depository. Two
of the Directors and Trustees on September
21, 1959 voted to make their bank the de-
pository. From time to time the board with
its three director members pass interest
bills rendered by the depository. Are such
Director Trustees eligible to serve on the
School Board? If not, can they be removed
by quo warranto?"

You have also advised us that:

"The last scholastic census of the
Trinity Independent School District totaled
one thousand three hundred four (1,304)."

Under the provisions of Article 2832, Revised Civil
Statutes, 1925, the depository of an independent school district

Honorable Albert J. Hutson, Page 2

having more than one hundred and fifty (150) scholastics is selected by the board of trustees of such district. Such depository, or treasurer must give bond approved by the board of trustees.

The common law has always recognized the danger to the public welfare arising when a public official, acting in his official capacity, makes a contract in which he is interested individually. 6 Williston on Contracts, Sec. 1735. The Texas courts applied this rule at an early date and declared such contracts to be void. As stated by Justice Lipscomb, in Flanikinvv. Fokes (1855), 15 Tex. 180, p. 182:

> "A contract which would give him (the public officer) an interest in an official act to be done by him would be repugnant to law and sound morality.
> * * *."

This common law rule as it affects certain officers and certain types of contracts has been enacted into a penal statute; Article 373, Penal Code of Texas, which reads:

> "If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

This statute has been conscientiously enforced by the courts. Meyers v. Walker, 276 S. W. 305; City of Edinburg v. Ellis, 59 S. W. (2d) 99. In the latter case, Judge

Honorable Albert J. Hutson, Page 3

Sharp, speaking for the Commission of Appeals, declared:

"The rule prohibiting public officers
from being interested in public contracts
should be scrupulously enforced."

We believe, however, that the situation outlined
in your letter does not come within the purview of Article
373, supra. It is true that trustees of school districts
have been held to be county officers within the meaning
of civil statutes, Scherz v. Telfer, 74 S. W. (2d) 387;
Hendricks v. State, 49 S. W. 705; Fowler v. Thomas 275,
S. W. 253; Walker v. Walker, 241 S. W. 524. But the Texas
Court of Criminal Appeals has refused to adopt so liberal
a construction in construing a penal statute. In Hall v.
State, 80 Tex. Crim. Rep. 109, 188 S. W. 1002 that court
held that a treasurer of an independent school district
was not included within the term "any county treasurer"
as found in Article 1580 of the Revised Criminal Statutes
of 1911. See our Opinion No. O-1589, copy of which is en-
closed herewith.

It is likewise to be noticed that Article 373
does not refer to all types of contracts in which the pub-
lic officer may be interested, but is limited to "any con-
tracts * * * for the construction or repair of any bridge,
road street, alley or house, or any other work * * * or
any bid or proposal for such work or in the purchase or
sale of anything * * *." A contract with a bank to act as
depository is not such a contract as described in this stat-
ute. Applying the rule that penal statutes must be strict-
ly construed, we are of the opinion that Article 373 of the
Penal Code is not applicable to the situation here under
consideration.

The converse of the question asked by you was con-
sidered by this department in conference opinion No. 2785,
dated September 16, 1929, appearing at page 127 of the Attor-
ney General's published report for 1928-1930. We quote this
opinion in full:

"Honorable S.M.N. Marrs, State Superintendent
of Public Instruction, Austin, Texas.

"Dear Sir: This will acknowledge receipt
of your letter of September 10th, addressed to
the Attorney General. By this favor, you ask
the opinion of the department as to whether a

stockholder or director of a corporation
serving as depository or treasurer of an
independent school district would be eli-
gible for appointment and qualification
as trustee of said school district.

"We are of the opinion that the two
positions present such a conflict of interests
as to prevent the holding of the two relation-
ships at one and the same time. The trustees
of an independent school district have as part
of their duty the task of seeing that the
treasurer or depository properly manages the
fund and moneys of the school district. It
is also incumbent upon the trustees to see
that the school funds are properly protected
by bonds and that the solvency of the bonds
and also the solvency of the institution
should be watched after to the end that the
moneys may always be properly protected.
Innumerable instances could be recounted
where the pecuniary interests of a stock-
holder in a corporation would sway the trus-
tee to an act of favoritism, at least that
an unbiased and non-interested trustee would
resolve against such depository or treasurer;
without attempting to enumerate these various
objections we conclude that upon the grounds
of public policy the two positions are incom-
patible and that, therefore, we must answer
your question by saying that a stockholder or
officer of a corporation acting as a depository
for an independent school district would not
be eligible for appointment or election as
trustee of said school district. All prior
opinions of this department to the contrary
are expressly overruled.

Yours very truly
W. Dewey Lawrence,
Assistant Attorney General."

In conclusion, we beg to advise you that in our
opinion (1) the contract made by the Board of Trustees of
the Trinity Independent School District designating as de-
pository the bank, three of whose directors are trustees,
is void; (2) the trustees are not subject to criminal

Honorable J. Hutson, Page 5

prosecution under Article 373 of the Penal Code; (3) upon necessary findings of fact by a court or jury, the trustees may be removed from office by the procedure provided by Article 5, Section 24 of the Constitution of Texas, and Title 100, Revised Civil Statutes, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK:RS

APPROVED SEP 10, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS