

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 17, 1949

Hon. Carroll F. Sullivant　　Opinion No. V-945.
County Attorney
Cooke County　　　　　　Re: The legality of the Coun-
Gainesville, Texas　　　　　ty Attorney serving as a
　　　　　　　　　　　　　trustee of the municipal-
　　　　　　　　　　　　　ly controlled public
Dear Sir:　　　　　　　　schools at Gainesville.

　　　　　We refer to your letter of recent date request-
ing an opinion of this department on the following ques-
tion:

　　　　　　　May the County Attorney serve at the
　　　　　　　same time as trustee of municipally
　　　　　　　owned schools?

　　　　　Dual office holding is expressly forbidden by
Section 40, Article XVI of the Texas Constitution when
both offices are civil offices of emolument. In Section
33 of Article XVI the accounting officers of the State
are forbidden to issue or pay a warrant upon the Treas-
urer for the payment of salary or compensation to a civ-
il officer, who at the same time holds another office of
honor under the United States or the State of Texas.
Since neither the County Attorney or a trustee of a mu-
nicipally owned school district is an office to be paid
out of the State Treasury, Section 33 of Article XVI is
not violated by the facts submitted.

　　　　　The constitutional prohibition against the
holding of more than one office of emolument (Art. XVI,
Sec. 40) is inapplicable to the question under consid-
eration for the reason that since a trustee of a muni-
cipally owned school district serves without compensa-
tion, his is not an office of emolument. Acts 1909,
R.S., Special Laws, p. 507.

　　　　　However, it is also a fundamental rule of law
that one person may not hold at one time two offices,
the duties of which are incompatible. Thomas v. Aber-
nathy County Line Independent School District, 290 S.W.
152 (Tex. Comm. App. 1927); Pruitt v. Glen Rose Indepen-
dent School District, 126 Tex. 45, 84 S.W.2d 1004(1935);

Knuckles v. Board of Education of Bell County, (Ky.) 114
S.W.2d 511, 514; Attorney General Opinion No. 0-3199.

We have considered the statutes relative to the
respective duties incumbent upon a County Attorney and a
trustee of a municipally controlled school district. We
can conceive of no sound basis upon which it may be said
that the offices are incompatible. We have been unable
to find any statute providing that either office is ac-
countable to, under the dominion of, or subordinate to
the other, or which provides that either office has a
right to interfere with the other in the performance of
any official duty. Nor have we been apprised of any rea-
son why the duties of a County Attorney would be incon-
sistent or in conflict with the duties of a trustee of a
municipally controlled school district.

In the case of Bonner v. Belsterling, 104 Tex.
432, 138 S.W. 571 (1911), the court held in part as fol-
lows:

"The board of education of the city of
Dallas was created and its powers and duties
prescribed by article 5 of the charter of
the said city hereinbefore copied. The board
derives its existence and all of the authori-
ty it possesses from the charter, which oper-
ates only within the limits of the city. By
the provisions of the charter, the board had
entire control of the school fund and of the
property; in fact, of everything pertaining
thereto. The auditor of the city is required
to pass upon all accounts of the said board,
and no act of the board has any reference
whatever to the county or its officers. The
relation of the board of education to the
county is only incidental to its being a part
of the system of free schools of the state.
We therefore conclude that the members of the
board of education are officers of the city
of Dallas, and not of the county of Dallas.
Gertum v. Board of Officers, 109 N. Y. 174,
16 N. E. 328; Throop on Public Officers, §27.
The members of the board of education being
of the city were not within the terms of ar-
ticle 5, §24, of the Constitution and it was

within the power of the Legislature to pro-
vide for their removal otherwise than by the
judge of a district court." (Emphasis ours.)

For further information see Fowler v. Thomas,
275 S.W. 253 (Tex. Civ. App. 1925, error dism.); Keyker
v. Watson, 291 S.W. 957 (Tex. Civ. App. 1927).

It is our opinion, therefore, that the two of-
fices in question are not incompatible, and that a Coun-
ty Attorney may serve at the same time as trustee of a
municipally controlled school district.

## SUMMARY

One person may hold at the same time both
the offices of County Attorney and trustee of
a municipally controlled school district; the
said offices being not incompatible and the of-
fice of trustee not being one of emolument.
Art. XVI, Sec. 40 Constitution of Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By James E. Ferguson
James E. Ferguson
Assistant

JEF:bh

APPROVED

Joe R. Greenhill
FIRST ASSISTANT
ATTORNEY GENERAL