

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 24, 1957

Hon. Olin Culberson
Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. WW-201

Re: Can a Railroad Commission employee also
serve as a Joint Board member for the
State of Texas under appointment by the
Interstate Commerce Commission, and
whether such membership constitutes an
office or position of honor or trust?

Dear Mr. Culberson:

You have requested the opinion of this office in
answer to the following question:

"Can a Railroad Commission employee also
serve as a Joint Board member for the State of
Texas under appointment by the Interstate Com-
merce Commission, and whether such membership
constitutes an office or position of honor or
trust?"

Part II of the Interstate Commerce Act, Section 205
(Title 49 U.S.C.A., Ch. 8, Sec. 305) provides that the Inter-
state Commerce Commission shall, under certain circumstances,
when the operations of motor carriers proposed to be conducted
involve not more than three states, refer to a joint board for
appropriate proceedings in which a hearing is required or, in
the opinion of the Commission, is desirable, certain applica-
tions for certificates or licenses or suspension of certifi-
cates or licenses or other matters committed to the jurisdiction
of the Interstate Commerce Commission under the Interstate Com-
merce Act.

Section 305(b) provides that when the Interstate Com-
merce Commission (hereinafter referred to as the Commission) is
required to refer any matter to a joint board, the Commission
shall create a joint board to consider the matter when referred,
and to recommend an appropriate order thereon. The joint boards
consist of a member from each state in which the motor carrier
operations involved are, or are proposed to be conducted. The

914

members from such states shall be nominated by the __board__ of such state from its own membership, or otherwise.

Section 303(2) defines the term, "board" as the commission, board, or official (by whatever name designated in the laws of a State) which, under the laws of any State in which any part of the services in interstate commerce regulated by the Interstate Commerce Act is performed, has jurisdiction to grant and approve certificates of public convenience or necessity or permits to motor carriers, or otherwise regulate the business of transportation by motor vehicle in intrastate commerce over the highways of such State.  The Railroad Commission of Texas is therefore the "board" for the State of Texas.

After the board has submitted the nomination to the Commission, the Commission is authorized to appoint as a member upon the joint board any nominee approved by it.  Members of joint boards, when functioning under the order of appointment of the Commission, do not receive any salary, but do receive such allowances for travel and subsistence expenses as the Commission shall provide.  Joint board members may use Government transportation requests when traveling in connection with their duties as joint board members.  The joint board continues in existence for the consideration of matters referred to it by the Commission until such time as its existence may be terminated by the Commission, and a substitution of membership upon the joint board from any State may be made at any time by nomination and appointment in the same manner as the original nomination and appointment.

Section 305(d) authorizes the members of the Commission and the Commission's examiners and joint boards to administer oaths, subpoena witnesses to testify and produce books, papers, etc., and to take testimony by deposition as to any matter under investigation.

Section 305(e) provides that the joint boards shall give reasonable notice to parties interested in the proceedings to be conducted, with an opportunity for intervention therein, and to participate in the hearing.

Section 305(j) provides that no member of the joint board shall hold any official relation to or own any securities of, or be in any manner pecuniarily interested in any motor carrier or any carrier by railroad, water, or other form of transportation.

Section 305(a) also provides that:  "In acting upon such matters so referred, joint boards are vested with the

same rights, duties, powers, and jurisdiction as are . . . vested in members . . . of the Commission to whom a matter is referred for hearing and the recommendation of an appropriate order thereon. . . ." Orders recommended by joint boards shall be filed with the Commission and shall become orders of the Commission and become effective in the same manner, and shall be subject to the same procedure as provided in the case of orders recommended by members or examiners under Section 17 of the Interstate Commerce Act.

Acting pursuant to Section 305, the Interstate Commerce Commission on January 29, 1957, upon the recommendation for nomination by the Railroad Commission of Texas, appointed certain examiners of the Motor Transportation Division of the Railroad Commission of Texas as substitute members to sit upon certain joint boards theretofore created by the Commission. The order of appointment reads in part as follows:

"It is further ordered, That the nomination of the above-named substitute members be, and the same is hereby, approved and the said persons so nominated be, and each of them is hereby constituted and appointed a substitute member of each of the above-named joint boards for the above-named State, and each of them, but not more than one of them at the same hearing, is hereby authorized in the event the above-named member is unable to sit as a member of any said joint boards in any referred matter, to sit upon such joint board as a member thereof with all of the rights, duties, and powers authorized by the Interstate Commerce Act, to be conferred upon the members of joint boards, in any matter referred thereto; . . ."

The examiners of the Motor Transportation Division of the Railroad Commission of Texas hold positions of honor, trust and profit under the State of Texas. Such employees receive such salaries as may be appropriated by the Legislature under the Appropriation Acts.

Article XVI, Section 33 of the Constitution of Texas, provides in part:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as provided in this Constitution."

None of the excepted positions named in Section 33 are applicable to the question propounded.

A joint board member receives no emoluments or profits for his services upon such board. Therefore, the answer to your question must be based necessarily upon whether a joint board member holds or occupies an office or position of honor and trust.

Among the criteria in determining the distinction between a "position" and an "office" are (1) whether the holder has been delegated power to exercise a portion of the sovereign functions of the Government; (2) that the powers entrusted are conferred by law and not by contract; (3) the fixing of the duration and term of office; and (4) the nature of the duties to be performed and the powers which may be exercised. Hendricks v. State, 49 S.W. 705 (Civ. App. 1899); Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120, 122 (1900).

A joint board member appointed by the Interstate Commerce Commission, an agency of the Federal Government, upon recommendation of the Railroad Commission of Texas performs a semi-judicial duty very similar to that of a Master in Chancery appointed by a Court. He sits as a member of the semi-judicial tribunal which, after hearing and weighing the evidence and applying the law governing the facts developed, makes recommendations to the Commission that an appropriate order be entered. His membership upon the joint board continues in full force until vacated by an appropriate order by the Commission.

When the method of the appointment as a member of the joint board, the tenure or duration of the membership thereon, and the powers and duties delegated to and imposed upon a joint board member are taken into consideration, it is the opinion of this office that a member of such board is holding an office of honor and trust under the United States Government. Since such joint board member is also holding a position of emolument or profit under the State of Texas, the Comptroller of Public Accounts is prohibited, under the provisions of Article XVI, Section 33, of the Constitution of Texas, from drawing or paying any warrant upon the State Treasury for salary or compensation of the employee of the Railroad Commission while serving as a member of the joint board.

While serving upon a joint board the joint board member is performing a function as a representative of the State of Texas on that tribunal, the duties being somewhat similar to those performed by the substitute joint member while acting as an examiner for the Motor Transportation Division of the

Railroad Commission of Texas in conducting hearings to consider matters under the jurisdiction of the Railroad Commission of Texas, the only difference being that the jurisdiction of the joint board is confined to interstate commerce while the jurisdiction of the Railroad Commission of Texas is confined to intrastate commerce.  Hence, the holding of an office of honor and trust under the Federal Government is not incompatible with holding a position of honor, trust and emolument under the State of Texas.

## SUMMARY

A substitute member of a joint board appointed by the Interstate Commerce Commission under the provisions of Title 49, U.S.C.A., Section 305 (Interstate Commerce Act, Part II), holds an office of honor and trust under the United States Government and while serving as a member of a joint board he cannot receive any salary or compensation for his services as an examiner for the Railroad Commission of Texas under the provisions of Article XVI, Section 33 of the Constitution of Texas.  The office of a joint board member and the position of an employee of the Railroad Commission of Texas are not incompatible.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Jas. N. Ludlum
W. V. Geppert
J. C. Davis, Jr.
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL

BY:    Geo. P. Blackburn