

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

June 27, 1989

Honorable Joe Lucas
El Paso County Attorney
City-County Building, #201
El Paso, Texas   79901

Opinion No.   JM-1064

Re:  Authority of a commis-
sioners court  to remove  a
member of the  board  of
managers of a hospital dis-
trict created under article
4494n, V.T.C.S.  (RQ-1622)

Dear Mr. Lucas:

You ask two questions regarding the removal of a member
of the  board of  managers of  a county  hospital  district.
First you ask whether the  County Commissioners Court of  El
Paso County has  the authority to  remove, without cause,  a
member of the Board of  Managers of El Paso County  Hospital
District and replace him with another appointee.

You tell us that the  El Paso County Hospital  District
[hereinafter the district] was  created pursuant to  article
4494n, V.T.C.S.  Section 5 of that article provides for  the
appointment of a board of managers as follows:

> The Commissioners <u>Court  shall  appoint  a
> Board</u> of Hospital Managers, consisting of  not
> less than  five (5)  nor more  than seven  (7)
> members, who shall serve <u>for a term of two (2)
> years</u>, with overlapping terms if desired,  and
> with initial appointments  to terms of  office
> arranged accordingly, without  pay, and  whose
> duties  shall be   to  manage,  control   and
> administer the hospital or hospital system  of
> the Hospital District.  (Emphasis added.)

V.T.C.S. art.  4494n, § 5.   Neither  that section  nor  any
other section of article 4494n  provides for the removal  of
managers.

In  answering  your  question,  we  must  first  decide
whether  the  managers  of  county  hospital  districts  are

officers or employees.   In Attorney General Opinion M-409 (1969), this office found that a member of a board of managers of a hospital district created under article 4494n, V.T.C.S., holds a position of honor and trust under article XVI, section 33, of the Texas Constitution. That opinion stopped short of declaring that the position is an office, because that conclusion was not required for the purposes of the opinion. We have considered the powers vested in the board of managers and have concluded that such managers are public officers.

In the earlier opinion, this office relied on the classic definition of "office," which distinguishes an office from an employment in that the former involves the exercise of any sovereign function of government for the benefit of the public largely independent of the control of others. Attorney General Opinion M-409 (1969) at 2; see also Aldine Indep. School Dist. v. Standley, 280 S.W.2d 578 (Tex. 1955); Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex. Civ. App. - Galveston 1949, writ ref'd).

When article 4494n was originally enacted, the following provision prevented the board from functioning "largely independent of the control of others":

> The Board shall be responsible to the Commissioners Court for the operation of the hospital, and individual members may be removed for cause.

Acts 1953, 53d Leg., ch. 266, § 4, at 692-693.

The deletion of that language in 1955 reflects a legislative intent to make the board more independent of the commissioners court and to change membership on the board from one of agency or employment to that of an office. See Acts 1955, 54th Leg., ch. 257, § 5, at 719. That interpretation is reinforced by the emergency clause in the bill, which based the emergency on "[t]he fact that the present laws do not provide sufficient details as to the powers, duties, responsibilities and methods of creation and of operation of Hospital Boards . . . ." Id. § 17, at 722.

The county commissioners court retains some control over the business of the district, for example, by approving its budget and intergovernmental contracts and by prescribing purchasing and accounting procedures. V.T.C.S. art. 4494n, §§ 5, 6, 8.   Section 5 of the act, without

making the board responsible to the commissioners court, authorizes the board of managers to manage, control and administer the hospital or hospital system. That section also authorizes the board to sue and be sued, appoint hospital staff, hire an administrator, commission peace officers, and keep its own seal. Additionally, section 9 authorizes the district to exercise the power of eminent domain.

For these reasons, we believe that the board of managers exercises sovereign functions of government largely independent of the control of others, and that the managers are public officers. See Arseneau v. Tarrant County Hosp. Dist., 408 S.W.2d 802 (Tex. Civ. App. - Fort Worth 1966, writ ref'd n.r.e.) (public hospital is performing governmental function in providing medical care to indigents).

Having determined that the district's managers are public officers, we can answer your first question. It has long been established in Texas law that where an officer has a set term, as opposed to serving at the pleasure of the appointing authority, the appointee is not subject to removal at the will of the appointing authority. Dorenfield v. State, 73 S.W.2d 83 (Tex. 1934); Royston v. Griffin, 42 Tex. 566 (1875). As noted above, managers of county hospital districts established under article 4494n, V.T.C.S., are appointed for a term of two years. Applying the rule set out in Royston, the managers are not subject to removal without cause by the commissioners court which appoints them. V.T.C.S. art. 4494n, § 5.

In the alternative, you ask whether a member of the Board of Managers of the El Paso County Hospital District is a "county officer" and subject to removal under the provisions of article V, section 24, of the Texas Constitution and section 87.011 et seq. of the Local Government Code.

Article V, section 24, of the Texas Constitution reads as follows:

> County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause

> therefor being set forth in writing and the finding of its truth by a jury.

There are several factors that lead us to believe that county hospital district managers are included in this constitutional provision as "other county officers."

First, the hospital district is generally defined in terms of the county. The constitutional provision authorizing the creation of these districts authorizes the creation of "county-wide Hospital Districts." Tex. Const. art. IX, § 4. The county electorate authorizes the creation of the district. The district's tax base is identical to that of the county. The boundaries of the district are the same as those of the county, thus limiting the geographical area in which the board of managers fulfills its governmental purpose of providing medical care to the indigent. See id.; V.T.C.S. art. 4494n, § 1.

Second, persons holding other positions that are denominated as "district" positions have been found to be "other county officers" within the terms of the constitutional provision. See Engleman Land Co. v. Donna Irrigation Dist. No. 1, 209 S.W. 428 (Tex. Civ. App. - San Antonio 1919, writ ref'd) (director of irrigation district is county officer within removal provision); Hendericks v. State, 49 S.W. 705 (Tex. Civ. App. 1899, no writ) (school district trustee is county officer within removal provision).

Finally, as noted above, the county commissioners court retains some control over the affairs of the district. In addition to appointing the board of managers, V.T.C.S. art. 4494n, § 5, the county commissioners court has the duty to levy a tax for the district. Id. § 2. The commissioners court also may prescribe purchasing and accounting procedures, id. § 6, and it must approve the district's budget. Id. § 8. While at one time the board of managers was completely responsible to the commissioners court for the operation of the hospital district, the legislature has retained these significant ties between the district and the county.

We conclude that members of a board of managers of a county hospital district established under article 4494n, V.T.C.S., are county officers, and, as such, they are subject to removal under the terms of article V, section 24, of the Texas Constitution and chapter 87 of the Local Government Code.

## S U M M A R Y

Members of a board of managers of a county hospital district  established under  article 4494n,  V.T.C.S.,  are  county  officers  and subject to removal under the terms of article V, section 24, of the Texas Constitution  and chapter 87 of the Local Government Code.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General