J. C. ENGLEMAN LAND CO. et al. v. DONNA IRR. DIST. NO. 1 et al. (No. 6216.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 5, 1919. Rehearing Denied Feb. 26, 1919.)

1. WATERS AND WATER COURSES ☞224—IRRIGATION DISTRICT—NATURE—DISSOLUTION —"PUBLIC CORPORATION."

In view of Rev. St. 1911, art. 1118, and articles 4991–5011, an irrigation district is a "public corporation," which cannot be dissolved or have its powers destroyed at the suit of any one except the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Corporation.]

2. WATERS AND WATER COURSES ☞224—IRRIGATION DISTRICTS—RECEIVERS.

A receiver cannot be appointed at the instigation of creditors to take charge of the affairs of an irrigation district, and consequently no restraining orders against its directors can be issued.

3. WATERS AND WATER COURSES ☞227—IRRIGATION DISTRICTS — DISTRICT OFFICERS — HOW REMOVED.

A director of an irrigation district can be removed only in a proceeding conducted in the name of the state, as prescribed in Rev. St. 1911, arts. 6030, 6042, 6398.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by the J. C. Engleman Land Company and others against the Donna Irrigation District No. 1 and others. Petition for appointment of a receiver and restraining orders denied, and petitioners appeal. Affirmed.

Jas. A. Graham, of Brownsville, for appellants.

F. W. Seabury, of Brownsville, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellees.

FLY, C. J. This is an appeal from an order of a district judge, made in vacation, denying the appointment of a receiver, and denying restraining orders as against the directors, agents, attorneys, and employés of the corporation, to prevent them from interfering with the receiver, and to deliver all property belonging to it. The suit was instituted by the Engleman Land Company against the irrigation district and G. B. Merriwether, F. G. Eppright, H. P. Jones, A. F. Hester, and A. T. Elliott, its directors, for a debt of $11,755.28, and in a subsequent petition the appointment of a receiver and a restraining order against the directors was sought, and in the alternative it was sought to remove the directors from office and restrain them from interfering with the management and control of the corporation. Nat Wetzel, claiming to be a voter in and resident of the district, intervened in the suit, adopting the pleadings of the plaintiff.

[1] The Donna Irrigation District is a public corporation, organized under the statutes of Texas. Article 1118, and title 73, c. 2, Rev. St. It was created for a public purpose, and receives all its powers from the legislative act which created it, and cannot be dissolved, or have its powers destroyed, at the suit of any one except the state, from which it received its vitality. Kenney, Irr. and Water Rights, § 1404; Farnham, Waters and Water Rights, § 617, p. 1942; 15 R. C. L. § 46, p. 495. As said by the Supreme Court of California, in People v. Irrigation Dist., 98 Cal. 206, 32 Pac. 1047:

"The defendant is a public corporation, organized under a general law of the state, enacted by the Legislature for the purpose of promoting the general welfare."

The statute creating irrigation districts places their management and control in the hands of the board of directors, and there is no provision for dissolving such corporations, or the appointment of receivers at the instance of creditors. As said in the California case, herein cited, irrigation districts are not clothed with all the powers of municipal corporations, and yet all their powers and duties are public, and a receivership could with equal propriety be granted to take charge of the affairs of a city or county as of an irrigation district. Being created for public purposes by the state, the state alone can dissolve such corporations or take charge of its affairs. Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369.

[2] The statute gives the irrigation districts the authority to appoint boards of equalization to fix the value of taxable property, to receive the taxes when collected, to bring suits for taxes and perform other functions which can be performed only by public corporations. A receiver could not be invested with any such powers, and to appoint one

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for a public corporation would be to indirectly dissolve it. The state alone can dissolve a public corporation. High on Receivers, § 403a; Thompson v. Allen County, 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472; Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Preston v. Sturgis, 183 Fed. 1, 105 C. C. A. 293, 32 L. R. A. (N. S.) 1020.

It follows that, if a receiver cannot be appointed for a public corporation, its directors cannot be restrained from performing the duties enjoined upon them by law. Indeed, under the pleadings of appellants, the restraint of the directors is made contingent upon the appointment of a receiver.

There are no matters set out in the petition entitling appellants to an injunction. The supreme object of the proceedings was to place the property of the drainage district in the hands of a receiver, and the allegations were made with that end in view. If the receivership was properly denied, all restraining orders were properly denied.

[3] Appellants have no right to demand the removal of a director of a public corporation. He is an officer elected by the voters of his district, and can be removed only in a proceeding "conducted in the name of the 'state of Texas,' upon the relation of the person filing the same." Rev. St. arts. 6030 and 6042; Hendricks v. State, 20 Tex. Civ. App. 178, 49 S. W. 705. In the case cited it was held that a school trustee was a county officer, and subject to the rules laid down as to the removal of county officers, and undoubtedly a director of an irrigation district would also be a county officer, within the purview of the statute. The board of directors of irrigation districts have extraordinary powers conferred upon them, and can be removed only as other county officers are removed.

If, by any act of his, any director has forfeited his office, he can be removed from office only in the name of the state of Texas, as prescribed by statute. Rev. St. art. 6398.

The judgment is affirmed.