

# The Attorney General of Texas

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 5, 1981

Honorable Bob Bullock
Comptroller of Public Accounts
Capitol Station
Austin, Texas 78774

Opinion No. MW-295

Re: Whether various statutes apply to the Texas Guaranteed Student Loan Corporation

Dear Mr. Bullock:

You ask whether the Texas Guaranteed Student Loan Corporation is a "state agency" within a number of statutes. The Texas Guaranteed Student Loan Corporation is a public, non-profit corporation created pursuant to chapter 57 of the Education Code. It guarantees loans made to eligible students under the federal guaranteed student loan program established by the Higher Education Act of 1965, 20 U.S.C. sections 1001 et seq. It is specifically made subject to the Texas Sunset Act, Education Code section 57.12(a).

The term public corporation includes public agencies such as drainage districts, irrigation districts, cities and city housing authorities. Harris County Drainage District No. 12 v. City of Houston, 35 S.W. 2d 118 (Tex. Comm'n App. 1931); Loumparoff v. Housing Authority of City of Dallas, 261 S.W. 2d 224, 227 (Tex. Civ. App. - Dallas 1953, no writ); J. C. Engleman Land Co. v. Donna Irrigation District No. 1, 209 S.W. 428 (Tex. Civ. App. - San Antonio 1919, writ ref'd). It also can refer to an instrumentality of the government or a convenient means to carry out a governmental function. Attorney General Opinion No. 2971 (1935). It is "'connected with the administration of the government, and the interests and franchises of which are the exclusive property and domain of the government itself.'" Miller v. Davis, 150 S.W. 2d 973, 978 (Tex. 1941). As such, the term public corporation has been found to include the Texas Employers Insurance Association and the Bank Deposit Insurance Corporation. Middleton v. Texas Power & Light Co., 185 S.W. 556 (Tex. 1916); Attorney General Opinion No. 2971 (1935).

You ask whether the Texas Guaranteed Student Loan Corporation is a "state agency" for purposes of articles 6252-9b, 6252-11, 6252-11b, 6252-11c, 6252-13a, 6252-17, 6252-17a, 6252-19, 601b and 4413(32), V.T.C.S. The Texas Guaranteed Student Loan Corporation was created after a study by an interim committee of the legislature. One of the reasons that the public corporation form was chosen was to provide a measure of administrative flexibility not available to state agencies. Report of the Special Interim Study Committee on State Involvement in and Administration of Student

Loan Programs for Texas; Coordinating Board, Texas College and University System, Final Report on Project to Evaluate Alternatives for a Student Loan Guarantee Program (November 17, 1978). In light of the reason expressed in the legislative history for choosing the non-profit corporate vehicle, we do not believe the legislature intended to include the corporation within the statutes which apply to state agencies generally. The same legislature which created the Texas Guaranteed Student Loan Corporation knew how to indicate that a public corporation was to be considered as a state agency. See State Bar Act, V.T.C.S. art. 320a-1, §2 (State Bar "continued as a public corporation and an administrative agency of the judicial department of government."). Since it did not do so in the case of the Texas Guaranteed Student Loan Corporation and since its apparent intent was to utilize the corporate form to permit administrative flexibility not available to state agencies, we believe the legislature did not intend that the corporation be construed as being a state agency. Accordingly, it is our opinion that the corporation is not covered by articles 6252-9b, 6252-11, 6252-11b, 6252-11c, 6252-13a, 6252-17, 6252-19, 601b and 4413(32). We note that our conclusion that the corporation is not subject to article 6252-19, the Tort Claims Act, is premised on the determination that the legislature did not intend the corporation to fall within the doctrine of governmental immunity.

We believe, however, that the corporation is subject to the provisions of the Open Records Act, article 6252-17a, V.T.C.S. Section 2(F) of that statute specifically extends coverage to "every . . . corporation. . . which is supported in whole or in part by public funds." Since the corporation received a start up appropriation, we believe it falls within the precise language of the Open Records Act.

You finally note that section 57.75 of the Education Code provides as follows:

> All income, property, and other assets of the corporation are exempt from taxation by the state and political subdivisions of the state.

You ask whether this language exempts the corporation from payment of the taxes imposed on its purchases by the Limited Sales, Excise and Use Tax Act, articles 20.01 through 20.17, Taxation - General. In our opinion, we need not answer this question, because the corporation is in all probability eligible for one or both of the following exemptions found in the Limited Sales, Excise and Use Tax Act itself:

> (H) United States; State; Political Subdivision; Religious, Eleemosynary Organizations. There are exempted from the computation of the amount of the taxes imposed by this Chapter, the receipts from the sale, lease or rental of any taxable items to, or the storage, use or other consumption of taxable items by:
>
> . . . .
>
> (5) Any organization created for religious, educational, charitable or eleemosynary purposes, provided that no part of

the net earnings of any such organization inures to the benefit of any private shareholder or individual.

. . . .

(7) An organization qualifying for exemption from federal income tax under Internal Revenue Code Section 501(c)(3) provided, however, that no item purchased shall be used for the personal benefit of any private stockholder or individual and the items purchased must be related to the purpose of said organization or corporation. Tax. - Gen. art. 20.04.

### SUMMARY

The Texas Guaranteed Student Loan Corporation was not intended by the legislature to be a state agency. It is, however, subject to the Texas Open Records Act and the Sunset Act. It is exempted from payment of the taxes imposed by the Limited Sales, Excise and Use Tax Act, articles 20.01 - .17, Taxation-General.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
C. Robert Heath
Eva Loutzenhiser