

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

May 4, 1992

Honorable Nathan B. Rheinlander
Comal County Attorney
150 N. Seguin, Suite 318
New Braunfels, Texas 78130

Opinion No. DM-114

Re: Whether persons appointed to boards and commissions by the commissioners court are subject to removal by the commissioners court (RQ-72)

Dear Mr. Rheinlander:

You inquire about the removal of individuals from certain boards and commissions whose members are appointed by the commissioners court. The entities in question are the Comal County Water Oriented Recreation District (W.O.R.D.), *see* Local Gov't Code ch. 324, the four Fire Prevention Districts, *see* Health & Safety Code ch. 794, and the Emergency Services District, *see* Health & Safety Code chs. 775, 776 (counties of 125,000 or less). The statutes governing these entities are silent as to removal of board members. You wish to know whether the board members are county officers, subject to removal by the district judge after a jury trial, as set out in article V, section 24 of the Texas Constitution and sections 87.001 through 87.032 of the Local Government Code. You also suggest that the appointees serve at the pleasure of the commissioners court, subject to dismissal by the court at any time.[1]

Article V, section 24 of the Texas Constitution provides as follows:

> County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause

---

[1]Attorney General Opinion H-137 (1973), which is the basis of this suggestion, actually relied on a statute expressly authorizing the removal of port commissioners by the authority that appointed them.

> therefor being set forth in writing and the finding of its truth by
> a jury.[2] (Footnote added.)

*See also* Local Gov't Code § 87.012 (district judge may remove county officers from office, including "a county officer, not otherwise named by this section").

As a general rule, officers and employees may be removed only in the manner designated by statute. 4 MCQUILLIN, MUNICIPAL CORPORATIONS § 12.255 (3d ed. 1985); *see also State ex rel. Hickman v. Alcorn*, 14 S.W. 663, 665 (Tex. 1890) (removal statutes are subject to strict construction). Thus, when an officer has a set term, as opposed to serving at the pleasure of the appointing authority, the officer is not subject to removal at the will of the appointing authority. *Dorenfield v. State ex rel. Allred*, 73 S.W.2d 83 (Tex. 1934); Attorney General Opinion JM-1064 (1989). Where a valid statute prescribes the removal method for a county officer, that method is deemed exclusive. *State ex rel. Kelly v. Baker*, 580 S.W.2d 611, 614 (Tex. Civ. App.--Amarillo 1979, no writ); *State ex rel. Downs v. Harney*, 164 S.W.2d 55 (Tex. Civ. App.--San Antonio 1942, writ ref'd w.o.m.); *see also Garcia v. Laughlin*, 285 S.W.2d 191 (Tex. 1955).

In *Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955), the Texas Supreme Court concluded that the tax assessor-collector appointed by a school board was an employee and not an officer subject to removal only under the constitutional provision. The applicable statute authorized, but did not require, the school board to appoint its own tax assessor-collector. Moreover, it did not fix a term of office for the assessor-collector, require him to take the oath of office, provide for removal, or establish his qualifications. Finally, the statute vested in the school board the authority to determine rendition procedures and to adopt measures for assessing property and collecting taxes. The court concluded that "the governing body of the taxing district is the agency which is vested by the Legislature with the sovereign powers of the State in assessing and collecting taxes." 280 S.W.2d at 581. The tax assessor-collector was only an agent or employee of the school board. *Id.* at 582-83.

The supreme court in *Aldine Independent School District*, quoted the following definition of "public officer" from *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.--Galveston 1949, writ ref'd), which concluded that the

---

[2]Article XV of the Texas Constitution provides for removal of state officers.

county road engineer was not a "public officer" for purposes of article V, section 24 of the Texas Constitution:

> [T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.*

280 S.W.2d at 583 (citing 224 S.W.2d at 740-41) (emphasis added by supreme court). This definition summarizes the essential elements of public office: the office-holder's authority to exercise governmental power for the benefit of the public and his independence from the control of other governmental entities.[3] The nature of the power conferred upon the individual is relevant to the first element, while the fixed term and freedom from dismissal at another's discretion are relevant to the second.

A board member must meet this definition of "officer," and be a "county officer" as well, to be subject to removal by the district judge pursuant to article V, section 24 of the Texas Constitution and chapter 87 of the Local Government Code. *Bonner v. Belsterling,* 138 S.W. 571, 574 (Tex. 1911). Trustees of school districts have been held to be "county officers," subject to removal in accordance with the statutes adopted under article V, section 24. *Fowler v. Thomas,* 275 S.W. 253 (Tex. Civ. App.--Austin 1925, writ dism'd w.o.j.); *Hendericks v. State,* 49 S.W. 705 (Tex. Civ. App. 1899, no writ); *see Bonner,* 138 S.W. at 573 (expressly approving holding in *Hendericks*). The court in *Hendericks* determined that for purposes of removing school district trustees, districts were "subdivisions of the county,[4] as are

---

[3]Since article XVI, section 1 of the Texas Constitution requires elected and appointed officers to take an oath of office, this requirement will apply to a public officer even if the applicable statute is silent as to an oath. *French v. State,* 572 S.W.2d 934, 938 (Tex. Crim. App. 1977); Attorney General Opinion MW-177 (1980).

[4]In *Galveston County Comm'rs' Court v. Lohec,* 814 S.W.2d 751 (Tex. App.--Houston [14th Dist.] 1991, writ granted), the county auditor sought a declaration that a beach park board established by a county under chapter 62 of the Natural Resources Code was a county department required to make purchases and pay claims through the county auditor and its purchasing agent. The court of appeals ruled that beach park boards were not departments or subdivisions of the county, but independent entities separate from the county; thus, they were not required to use the county auditor or purchasing agent.

commissioners' and justices' precincts," and that precinct officers were "county officers." 49 S.W. at 705-06 (footnote added). It concluded that trustees of school districts were county officers, and this conclusion was approved by the Texas Supreme Court in *Bonner*, 138 S.W. at 573. *See also Engleman Land Co. v. Donna Irrigation Dist. No. 1*, 209 S.W. 428 (Tex. Civ. App.--San Antonio 1919, writ ref'd) (stating in *dicta* that elected director of irrigation district was county officer within removal statute).

We will examine the statutes governing the three districts in question to determine whether members of their governing boards are "county officers" within the statute and constitutional provision governing removal of county officers. Both an emergency services district and a fire protection district may be created wholly in one county or in territory located in more than one county. Health & Safety Code §§ 776.011, 776.012, 794.011, 794.012. However, the districts you inquire about are all located wholly within Comal County; thus, we will address only those provisions applicable to districts located wholly within one county.

Article III, section 48-e of the Texas Constitution[5] authorizes the enactment of legislation providing for the creation of special districts for emergency services, such as emergency medical services, emergency ambulance services, and rural fire prevention and control services. Chapter 776 of the Health and Safety Code, which provides for the creation of emergency services districts in counties of 125,000 or less, governs the Comal County district. An emergency services district is established by election after a petition is filed with the county judge and the commissioners court holds a public hearing on the pros and cons of creating a district. *Id.* §§ 776.011, 776.013 - .016, 776.019. If the commissioners court finds that creation of the district is feasible and will promote the public safety, welfare, health, and convenience of persons residing in the proposed district, it must grant the petition and order an election to confirm the district's creation and authorize it to impose a tax. *Id.* §§ 776.017 - .019.

The commissioners court of the county appoints the board members that govern an emergency services district located wholly in one county. *Id.* § 776.033. Board members serve two-year terms, except for two members of the initial board

---

[5]The text of this constitutional provision was adopted at the November 3, 1987 election pursuant to S.J.R. No. 27, Acts 1987, 70th Leg., § 1. Another section 48-e which authorizes the creation of jail districts, was adopted at the November 3, 1987 election pursuant to H.J.R. No. 18, Acts 1987, 70th Leg., § 1.

appointed to one-year terms. *Id.* § 776.033(b). The board is required to administer the district in accordance with chapter 776 of the Health and Safety Code, *id.* § 776.035(a)(5), which authorizes it to exercise various governmental powers. The district may acquire and sell real and personal property; appoint officers, agents, and employees; sue and be sued; impose and collect taxes; exercise certain specific powers relevant to providing emergency services; and enter into contracts. *Id.* § 776.031. Because these governmental powers are conferred upon the board, to be exercised for the benefit of the public largely independent of the control of others, the board members are public officers within the definition in *Aldine Independent School District. See City of Port Arthur v. Wallace,* 171 S.W.2d 480, 481 (Tex. 1943) (providing fire protection is governmental function); *City of San Angelo v. Deutsch,* 91 S.W.2d 308, 309 (Tex. 1936) (tax collection); *City of Dallas v. Moreau,* 718 S.W.2d 776 (Tex. Civ. App.--Corpus Christi 1986, writ ref'd n.r.e.) (hiring and firing employees).

We believe that the members of the board of the emergency services district for Comal County are county officers. The district is located within the county, and its purpose is to provide emergency services for the people of the county. Board members are appointed and vacancies are filled by the commissioners court. Health & Safety Code § 776.033. The board must file an annual report with the court on the district's administration and financial condition, *id.* § 776.035(a)(4), and cannot issue bonds without the court's approval. *Id.* § 776.076. Thus, the commissioners court has a significant role in its creation as well as a continuing role in its operation. Based on these relationships between the emergency services district and the county, the members of the district board are county officers for purposes of the removal statute. *See Hendericks* 49 S.W. 705; Attorney General Opinion JM-1064 (members of board of managers of county hospital district are county officers). Therefore, board members may be removed only by trial in accordance with the provisions of article V, section 24 of the Texas Constitution, and chapter 87 of the Local Government Code; the commissioners court has no power to remove them.

Article III, section 48-d of the Texas Constitution authorizes legislation providing for the creation of rural fire prevention districts. The provisions on the creation and governance of a fire protection district located wholly within one county track the provisions applicable to an emergency services district. *See, e.g.,* Health & Safety Code §§ 794.013 - .020 (creation of district by election following petition procedure). For example, the commissioners court appoints the members of the governing board to two-year terms and fills vacancies on the board. *Id.* § 794.033. The board has power to acquire and sell real and personal property,

enter into contracts, appoint officers, agents, and employees, sue and be sued, levy and enforce the collection of taxes, and to "perform other acts necessary to carry out the intent of . . . chapter [794 of the Health and Safety Code]." *Id.* § 794.031. The board of the rural fire prevention district must also report to the commissioners court, *id.* § 794.035(a)(4), and may not issue bonds or notes without the approval of the commissioners court, *id.* § 794.076.

The provisions applicable to the rural fire protection districts in Comal County are virtually identical in relevant aspects to the provisions governing the emergency services districts. For the reasons discussed in connection with the officers of the emergency service districts, the members of the board governing the fire prevention district are also county officers within article V, section 24 of the constitution and section 87.012 of the Local Government Code. Accordingly, they too may only be removed by a district judge in accordance with those procedures.

The Comal County W.O.R.D. is a park district created pursuant to chapter 324 of the Local Government Code, which authorizes creation of a park district in the unincorporated area of a county that has river frontage on both the Guadalupe and Comal rivers. Local Gov't Code § 324.001. A district is created by an election ordered by the commissioners court, and it may be dissolved by order of the commissioners court. *Id.* §§ 324.024, 324.124. The district governing board is appointed to two-year terms by the commissioners court. *Id.* § 324.041. Board members take the official oath, *see* Tex. Const. art. XVI, § 1, and file a bond with the county clerk. Local Gov't Code § 324.042. In addition to these indicia of office, the statute confers several governmental powers upon the board. *See, e.g., id.* §§ 324.064 (enter into contracts), 324.066 (adopt rules for use of park, enforceable by criminal penalty), 324.067, 324.068 (acquire and sell land), 324.091 (issue revenue bonds after authorization by bond election), 325.068 (invest the district's funds).

The board is, however, subject to the supervision of the commissioners court in accordance with the following provision:

> (a) The board is subject to the supervision of the commissioners court in the exercise of all its rights, powers, and privileges and in the performance of its duties.

> (b) Not later than the 30th day after the date on which the board acts, the commissioners court may approve or disapprove the action. If the court disapproves the act, the act is ineffective.

> Otherwise, the act becomes effective on the date that the commissioners court approves the act or on the 31st day after the date on which the board acted, whichever is first.

*Id.* § 324.045.

Thus, the commissioners court is authorized to veto exercises of governmental power by the Comal County W.O.R.D. Board. Nonetheless, the W.O.R.D. Board is the entity upon which is conferred some part of the sovereign authority of the state. Its powers are delegated to it by statute and not by the commissioners court. It exercises these powers in its own right, and not as an agent of the commissioners court. *See Green v. Stewart*, 516 S.W.2d 133, 136 (Tex. 1974) ("One who acts in his own right is, in the words of *Aldine* and *Dunbar*, largely independent of the control of others"). Only the board may initiate the exercise of the district's powers, and its determinations will govern the district unless disapproved within 30 days by the commissioners court.[6] We believe that the board's authority to initiate the exercise of governmental powers is a "sovereign function of the government" conferred upon it to be exercised "largely independent of the control of others." Accordingly, board members are public officers within the test set out in *Aldine Independent School District*.

We also conclude that they are county officers. The district was created within the boundaries of Comal County, and its relationship to the county governing body is even closer than that of the emergency services district board or the rural fire prevention district board. Members of the Comal County W.O.R.D. Board are county officers subject to removal only in accordance with article V, section 24 of the constitution and section 87.012 of the Local Government Code.

In conclusion, the commissioners court does not have authority to discharge members of the governing boards of the emergency services district in the county, the fire prevention districts in the county, or the members of the Comal County Water Oriented Recreation District. Members of these boards are county officers, subject to removal only by a district court judge pursuant to article V, section 24 of the Texas Constitution, and chapter 87 of the Local Government Code. They are not subject to dismissal by the commissioners court.

---

[6]The allocation of power between the W.O.R.D. board and the commissioners court is somewhat like the allocation of power between the legislature and the governor in the adoption and veto of legislation. *See* Tex. Const. art. III, § 1; art. IV, § 14.

## SUMMARY

County officers may be removed from office only by the district judge after a trial, in accordance with article V, section 24 of the Texas Constitution and sections 87.001 through 87.032 of the Local Government Code. Members of the governing board of an emergency services district established wholly in one county under chapter 776 of the Health and Safety Code, members of the governing board of a rural fire prevention district established wholly within one county under chapter 794 of the Health and Safety Code, and members of the board of the Comal County Water Oriented Recreation District established under chapter 324 of the Local Government Code, are county officers within article V, section 24 of the Texas Constitution.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General