

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 18, 1998

The Honorable Ron Lewis
Chair, County Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-493

Re: Whether Water Code section 49.072, which provides that a water district director who becomes a candidate for another office is no longer qualified to serve as director, violates article XV, section 7 of the Texas Constitution, and related questions (RQ-1104)

Dear Representative Lewis:

You ask whether Water Code section 49.072, which provides that a water district director who becomes a candidate for another office is no longer qualified to serve as director, violates article XV, section 7 of the Texas Constitution. You also ask whether the statute may be applied retroactively. Finally, you ask whether a water district director who becomes a candidate for another office continues to serve until a successor director becomes qualified to serve. We conclude that section 49.072 must be construed to incorporate any constitutional requirements for removing a director from office and is therefore not unconstitutional under article XV, section 7 or any other constitutional removal provision. In addition, we conclude that the legislature intended section 49.072 to apply only to a water district director who becomes a candidate after its effective date. To the extent section 49.072 operates to shorten the term of an incumbent officer, it is not an unconstitutional retroactive law. Finally, as explained below, whether a water district director who "is no longer qualified to serve" under section 49.072 holds over in office by operation of article XVI, section 17 of the Texas Constitution depends upon whether the office is subject to constitutional removal requirements.

Water Code section 49.072, enacted by the Seventy-fifth Legislature[1] to become effective September 1, 1997,[2] provides as follows:

> (a) A person serving as director of a district who becomes a candidate for another office is no longer qualified to serve as director.

---

[1]Act of May 28, 1997, 75th Leg., R.S., ch. 1349, § 75, 1997 Tex. Gen. Laws 5080, 5097.

[2]*See id.* § 79.

(b) In this section, "candidate" has the meaning assigned by Section 251.001, Election Code.

For purposes of chapter 49, the term "district" is broadly defined to mean

any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created. The term "district" shall not include any navigation district or port authority created under general or special law or any conservation and reclamation district created pursuant to Chapter 62, Acts of the 52nd Legislature, 1951 (Article 8280-141, Vernon's Texas Civil Statutes).[3]

"Director" means "either a supervisor or director appointed or elected to the"[4] "governing body of a district."[5]

Section 49.072(b) refers to the definition of "candidate" set forth in section 251.001 of the Election Code:

(1)  "Candidate" means a person who knowingly and willingly takes affirmative action for the purpose of gaining nomination or election to public office or for the purpose of satisfying financial obligations incurred by the person in connection with the campaign for nomination or election. Examples of affirmative action include:

(A)  the filing of a campaign treasurer appointment, except that the filing does not constitute candidacy or an announcement of candidacy for purposes of the automatic resignation provisions of Article XVI, Section 65, or Article XI, Section 11, of the Texas Constitution;

(B)  the filing of an application for a place on a ballot;

(C)  the filing of an application for nomination by convention;

(D)  the filing of a declaration of intent to become an independent candidate or a declaration of write-in candidacy;

---

[3] Water Code § 49.001(a)(1).

[4] Id. § 49.001(a)(6).

[5] Id. § 49.001(a)(3).

(E)    the making of a public announcement of a definite intent to run for public office in a particular election, regardless of whether the specific office is mentioned in the announcement;

(F)    before a public announcement of intent, the making of a statement of definite intent to run for public office and the soliciting of support by letter or other mode of communication;

(G)    the soliciting or accepting of a campaign contribution or the making of a campaign expenditure; and

(H)    the seeking of the nomination of an executive committee of a political party to fill a vacancy.  [Footnote omitted.]

Elec. Code § 251.001(1).  Pursuant to Water Code section 49.072, a water district director who engages in any of the conduct listed above "becomes a candidate" and "is no longer qualified to serve as a director."

You first ask about the constitutionality of section 49.072 under article XV, section 7.  You ask the following question:

Is § 49.072 of the Texas Water Code unconstitutional on its face because it violates the exclusive removal requirements mandated by Article XV, Section 7 of the Texas Constitution insofar as § 49.072 appears to be self-executing and [to] automatically remove an otherwise qualified director, and does not provide for a trial or judicial removal of directors as required by the Constitution[?]

We conclude that section 49.072 does not violate constitutional removal requirements, for the following reasons.

Constitutional requirements for removal from office vary according to the type of officer involved.  For example, article XV, section 7, the provision you ask about, governs removal of state officers,[6] requiring the legislature to "provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution."  The legislature has provided for removal of state officers who do an act that by law causes forfeiture of

---

[6]Although the Texas Supreme Court has held that article XV, section 7 applies only to state officers and does not apply to city officers, *see Bonner v. Belsterling*, 138 S.W. 571, 575 (Tex. 1911), an appellate court recently concluded that article XV, section 7 applied to the office of mayor of a general law city, *see State v. Bradley*, 956 S.W.2d 725, 736 (Tex. App.--Fort Worth 1997, pet. granted).  The Texas Supreme Court's review of that decision may further elucidate the reach of article XV, section 7.

the office pursuant to quo warranto proceedings.[7] Another constitutional provision, article V, section 24 provides for the removal of county officers "for incompetency, official misconduct, habitual drunkenness, or other causes defined by law" by a district judge upon a jury finding.[8] Article V, section 24 does not extend to removal of a county officer for grounds not expressly provided in the constitution or by the legislature, and we do not believe it would apply to a county officer who becomes disqualified to serve by virtue of a provision like section 49.072.[9]

We construe section 49.072 in light of basic rules of statutory construction. Legislative enactments are presumed to be constitutional; if possible, a statute must be construed to render it constitutional. *Weiner v. Wasson*, 900 S.W.2d 316, 330 (Tex. 1995); Gov't Code § 311.021(1) ("In enacting a statute, it is presumed that [] compliance with the constitutions of this state and the United States is intended[.]"). As you point out, section 49.072 "may impact the more than 5000 water district directors around the State." The nature of the many districts governed by chapter 49 of the Water Code varies. Some districts comprise territory in many counties. Other small districts are contained within a single county. Some larger water districts may be state entities and their directors may be state officers.[10] Directors of other, smaller districts, however, may be county officers.[11]

---

[7]*See* Civ. Prac. & Rem. Code § 66.001(2).

[8]County officers are removed for causes set forth in article V, section 24 of the Texas Constitution pursuant to Local Government Code sections 87.11 through 87.19.

[9]*See, e.g., Lamb v. Johnson*, 267 S.W.2d 285 (Tex. Civ. App.--San Antonio 1954, no writ) (county removal provisions did not authorize district judge to remove school trustee, a county officer, for vacating office by moving out of school district). Some cases suggest that a quo warranto proceeding is the proper method to determine that a county officer has vacated an office by becoming disqualified to serve. *See id.* (suggesting that quo warranto proceeding is proper remedy in case where county officer alleged to have vacated office by moving residence); *see also* Civ. Prac. & Rem. Code § 66.001(2) (quo warranto action available if "public officer" does an act that by law causes forfeiture of office). We are not aware of any authority addressing whether a county officer who is removed for causes other than those set forth in article V, section 24 is constitutionally entitled to removal by quo warranto action. As a practical matter, a quo warranto proceeding may be the only way to remove an officer who refuses to acknowledge that he or she is no longer qualified to serve.

[10]*See, e.g.,* Act of May 30, 1983, 68th Leg., R.S., ch. 484, art. IV, § 1, 1983 Tex. Gen. Laws 2827, 2840 (amending Lower Colorado River Authority Act to provide that board of directors is a state board for purposes of Tex. Const. art. XVI, § 30a); Act of May 27, 1969, 61st Leg., R.S., ch. 432, 1969 Tex. Gen. Laws 1465, 1465 (amending Guadalupe-Blanco River Authority Act to provide that board of directors is a state board for purposes of Tex. Const. art. XVI, § 30a). The Texas Legislative Council has also identified directors of the following water districts as potential state officers: Upper Colorado River Authority, Lower Neches Valley Authority, Angelia and Neches River Authority, Brazos River Authority, Central Colorado River Authority, Nueces River Authority, Red River Authority of Texas, Sabine River Authority of Texas, San Jacinto River Authority, and Sulphur River Basin Authority. *See* Memorandum from Steven R. Collins, General Counsel, Texas Legislative Council, to the Honorable Ron Lewis, State Representative, House of Representatives, State of Texas (Feb. 9, 1998) (on file with Attorney General Opinion Comm.).

[11]At least one court has suggested that the director of an irrigation district is a county officer subject to the constitutional and statutory removal requirements applicable to county officers. *See Engleman Land Co. v. Donna*

(continued...)

Some directors may not fit readily into either category. Because removal procedures for some water district directors may be mandated by the constitution, construing section 49.072 to automatically remove such directors would render the statute unconstitutional as applied in those situations. We believe a court, relying on the basic rules of statutory construction discussed above, would construe section 49.072 not to effect automatic removal in such cases. Should a particular water district director be subject to constitutionally required removal requirements, we believe a court would construe section 49.072 not to effect automatic removal but rather to create a ground for removing the director pursuant to constitutionally required proceedings.[12]

Next you ask if section 49.072 is "unconstitutional or otherwise invalid if applied retroactively to a qualified director who became a 'candidate' before the effective date of the statute." Your question actually asks us to address two issues: First, whether section 49.072 applies to a director who became a candidate prior to its effective date, September 1, 1997, and, second, whether section 49.072 is an unconstitutional retroactive law. We address each of those questions in turn.

According to the Code Construction Act, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Gov't Code § 311.022. In enacting section 49.072, the legislature did not provide that it would operate retrospectively.[13] In addition, section 49.072 applies to a director who "*becomes*" a candidate. A director who became a candidate prior to September 1, 1997, has already acquired that status and cannot be said to "become" a candidate after that date. Therefore, we conclude that section 49.072 does not apply to a director who became a candidate prior to its effective date, September 1, 1997.

Article I, section 16 of the Texas Constitution provides, "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." It is well established that section 16 prohibits retroactive laws only to the extent "they destroy or impair vested rights."[14] For this reason, a law is not invalid even though retroactive in operation unless vested

---

[11](...continued)
*Irrigation Dist. No. 1*, 209 S.W. 428, 429 (Tex. Civ. App.--San Antonio 1919, writ ref'd). The irrigation district in that case is a conservation and reclamation district created under the authority of article XVI, section 59 of the Texas Constitution, *see* Act of Apr. 16, 1959, 56th Leg., R.S., ch. 108, § 1, 1959 Tex. Gen. Laws 190, 191 (amending section 1 of Donna Irrigation Dist. No. 1 enabling act), and is therefore subject to Water Code chapter 49, *see* Water Code § 49.001(a)(1) (defining "district").

[12]As noted above, an officer who is not subject to a constitutional removal provision who becomes a candidate for another office and refuses to acknowledge that he or she is no longer qualified to serve may be formally removed pursuant to a quo warranto proceeding. *See* Civ. Prac. & Rem. Code § 66.001(2) (quo warranto action available if public officer does an act that by law causes forfeiture of office).

[13]*See* Act of May 28, 1997, 75th Leg., R.S., ch. 1349, § 79, 1997 Tex. Gen. Laws 5080, 5097.

[14]*Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 626 (Tex. (continued...)

rights are destroyed or impaired.[15] Section 49.072 may operate to shorten the term of an incumbent director who was elected or appointed to office prior to September 1, 1997. We do not believe that this effect violates the constitutional prohibition against retroactive laws, however, because an incumbent officer has no vested right in serving the full term of office, unless the constitution fixes the term of office.[16] We are not aware of a constitutional provision fixing the term of water district directors. In sum, in answer to your second question, we conclude that section 49.072 applies only to a water district director who becomes a candidate after its effective date and does not violate the constitutional prohibition against retroactive laws.

Finally, you ask whether a water district director who becomes a candidate for another office and is therefore "no longer qualified to serve as director" pursuant to section 49.072 continues in office by virtue of article XVI, section 17 of the Texas Constitution, the constitutional holdover provision, which provides that "[a]ll officers of the State shall continue to perform their offices until their successors shall be duly qualified." As with our answer to your first question, we believe that the applicability of article XVI, section 17 depends on the type of office at issue and the circumstances involved.

In cases where section 49.072 effects the automatic resignation of a water district director who is not subject to constitutional removal requirements, we believe that the director would hold over by operation of article XVI, section 17. Article XVI, section 17 "was placed in the constitution to prevent public convenience from suffering because of a vacancy in office."[17] It has been broadly construed to apply in a variety of situations analogous to this one. Attorney General Opinion H-1224, for example, determined that article XVI, section 17 of the Texas Constitution applies to

---

[14](...continued)
1995); *State v. Project Principle, Inc.*, 724 S.W.2d 387, 390 (Tex. 1987); *Merchant's Fast Motor Lines v. Railroad Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978); *Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex. 1966); *McCain v. Yost*, 284 S.W.2d 898, 900 (Tex. 1955); *see generally* 1 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS, 58-62 (1977).

[15]*Corpus Christi People's Baptist Church*, 904 S.W.2d at 626.

[16]*See Tarrant County v. Ashmore*, 635 S.W.2d 417, 420-22 (Tex. 1982) (public officer's qualified interest in office is not property nor is it a vested right); *Popham v. Patterson*, 51 S.W.2d 680, 683 (Tex. 1932) (the legislature has the authority to shorten term of statutory office and "make the act doing so apply to those in office at the time the act becomes effective"); Attorney General Opinion JM-235 (1984) at 2 ("The legislature may enact a statute shortening an incumbent officer's term, as long as the constitution does not fix the term of office."). We disagree with the suggestion in Attorney General Opinion H-226 that an incumbent water district director has a vested right in the office. *See* Attorney General Opinion H-226 (1974) at 4. We are not aware of subsequent attorney general opinions concluding that an officer has a vested right in the office. Indeed, several subsequent opinions conclude that legislature may enact a statute shortening an incumbent officer's term, as long as the constitution does not fix the term of office. *See, e.g.*, Attorney General Opinions JM-1233 (1990) at 3, JM-235 (1984) at 2-3, H-955 (1977) at 4.

[17]Tex. Const. art. XVI, § 17 Interp. Commentary (Vernon 1993).

an officer who vacates office through losing a qualification.[18] In Attorney General Opinion DM-377, this office concluded that an officer who automatically resigns pursuant to article XVI, section 65 holds over under article XVI, section 17.[19] Given the policy animating article XVI, section 65 and its broad application, we believe a court would apply it here.[20]

Article XVI, section 17 will operate somewhat differently in the case of a director who is subject to constitutional removal provisions. Again, we believe that a court would construe section 49.072 to create a ground for removing a director subject to constitutional removal requirements rather than to automatically remove such a director. A director subject to constitutional removal requirements has the right to remain in office until formally removed. A director who becomes a candidate for another office and is no longer qualified to serve may acknowledge the disqualification and nevertheless remain in office until a successor is selected and qualified according to the applicable law. The director continues in office as a matter of right rather than as a holdover. Similarly, such a director who becomes a candidate for another office and chooses to dispute that he or she is no longer qualified to serve will remain in office as a matter of right until formally removed. Because the constitutional holdover provision does not apply to an officer who has been formally removed from office,[21] a water district director who is formally removed from office for becoming a candidate for another office would not hold over.

Finally, a director subject to a constitutional removal provision who becomes a candidate for another office may wish to cease acting as director prior to the time a successor is qualified. We see no difference between this situation and a voluntary resignation. An officer who voluntarily resigns from office is clearly subject to article XVI, section 17.[22] As one court has noted, under article XVI, section 17 "an officer cannot arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualifies; and even though he resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies."[23] For this reason, we conclude that a director who effectively attempts to resign from office by operation of section

---

[18]Attorney General Opinion H-1224 (1978) at 2.

[19]Attorney General Opinion DM-377 (1996) at 2-5.

[20]As noted above, an officer not subject to constitutional removal requirements who refuses to vacate an office may be removed pursuant to a quo warranto proceeding. *See supra* note 9. Such an officer would not hold over if formally removed from office in a quo warranto proceeding. *See Manning v. Harlan*, 122 S.W.2d 704, 707 (Tex. Civ. App.--El Paso 1939, writ dism'd) (constitutional holdover provision does not apply to officer who has been formally removed from office).

[21]*See id.*

[22]*Jones v. City of Jefferson*, 1 S.W. 903 (Tex. 1886); *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d 322 (Tex. Civ. App.--Amarillo 1938, no writ); *Keen v. Featherston*, 69 S.W. 983 (Tex. Civ. App. 1902, writ ref'd).

[23]*Hayhurst*, 122 S.W.2d at 326-27.

49.072 holds over under article XVI, section 17 and is required to continue to act as director until a successor is qualified.

## S U M M A R Y

Water Code section 49.072 must be construed to incorporate any constitutionally required removal proceedings and is therefore not unconstitutional under article XV, section 7 of the Texas Constitution or any other constitutional removal provision. Section 49.072 applies only to a water district director who becomes a candidate after its effective date, September 1, 1997. To the extent section 49.072 operates to shorten the term of an incumbent officer, it is not an unconstitutional retroactive law. Whether a water district director who "is no longer qualified to serve" under section 49.072 holds over in office by operation of article XVI, section 17 of the Texas Constitution depends upon the circumstances.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General